THOMAS J. FINNEGAN ET AL., EXECUTORS OF THE ESTATE OF THOMAS FINNEGAN, DECEASED, PROSECUTORS, v. STATE BOARD OF TAX APPEALS AND THE CITY OF JERSEY CITY, DEFENDANTS.

Submitted October 5, 1943—Decided February 16, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutors, *John I. O'Neill.*

For the defendant City of Jersey City, *Charles A. Rooney* (*John F. Lynch, Jr.,* of counsel).

The opinion of the court was delivered by

HEHER, J.   The question here is whether a person to whom personal property is assessable for taxation under *R. S.* 54:4–1, *et seq.,* may rightfully claim a deduction under section 54:4–14 for the amount of debts "due and owing" by him to "creditors residing" in this state, but secured by mortgages covering real estate in this state owned by him.

Prosecutors made a personal property tax return to the assessors of Jersey City, itemizing their intangible personal property as of October 1st, 1939, and the value, and demanding a deduction, in the ascertainment of the net worth for tax purposes, of the amount of "mortgage bonds due and owing" to a Jersey City trust company. These bonds had matured prior to the tax date, and were then unpaid. The claimed deduction was disallowed by the local assessors. The assessment was affirmed by the Hudson County Board of Taxation and the State Board of Tax Appeals; and the property owner was allowed a writ of *certiorari*.

The contention is that such obligations are "debts" within the intendment of section 54:4-14, *supra*. It is clear that they are not in this category when the provision is considered in the light of the essential statutory policy. The legislative object is to be collected from a general view of the entire statute; and the words used, while ordinarily given their natural significance and import, unless terms of art are employed, may be expanded or limited to effectuate the manifest reason and obvious purpose of the law. Words of doubtful meaning may be made plain by comparison with other provisions of the same law. The normal meaning of the term "debt" may be qualified by the context. A general provision may be restricted by a particular manifestation of intention. *Passaic National Bank and Trust Co.* v. *Eelman*, 116 *N. J. L.* 279.

Section 54:4-1 provides that all property, real and personal, not expressly exempted from taxation or expressly excluded from the operation of that chapter, shall be subject to taxation. Section 54:4-33 directs that "No mortgage or debt secured by mortgage on real property which is taxed in this state shall be listed for taxation, and no deduction from the assessed value of real property shall be made * * * on account of any mortgage debt." And section 54:4-15 provides that no deduction for debt shall be allowed from the assessed value of "tangible goods and chattels in which the value inheres in and is supported by the thing or article itself," and that "No mortgage on personal property, or on both personal and real property," or the debts thereby secured,

shall be assessed for taxation "unless a deduction therefor shall have been claimed by the owner of the mortgaged property and allowed by the assessor." Section 54:4–14 allows a deduction only of the amount of debts "due and owing" to creditors residing in New Jersey, if claim therefor is made in writing under oath, particularized as therein set forth.

The rationale of the statutory system is the subjection of all property to taxation, unless specifically exempted or excluded from the general tax category, and the avoidance of double taxation. And all exceptions are on well settled principles to be strictly construed. Deductions for debt are permissible on the hypothesis that the tax on the amount thus deducted is collectible from the creditor. Only debts owing to resident creditors are deductible. The legislative design was to tax all property within the state. *Montgomery* v. *Trenton,* 40 *N. J. L.* 89. Where the mortgage security is real estate taxed in New Jersey, the mortgage itself, as already noted, is not taxable; the entire tax is levied on the realty, disregarding the mortgage.

Here, if the claimed allowance should be made, the equivalent of the assessed owner's personal property would escape taxation; and thus there would be a perversion of the statutory policy. It would, in effect, constitute, for the purposes of taxation, a deduction of the mortgage debt from the assessed value of the mortgaged lands in defiance of the prohibition of section 54:4–33, *supra*. Such an interpretation would serve to violate the basic principle of equality in taxation. Arbitrary tax exemptions and exceptions are inadmissible. The inequality attending the asserted interpretation is made manifest when we consider the case of two individual owners of land of like value and mortgage encumbrance. If one owns personal property equal to the amount of the mortgage, and the other owns none, their respective total tax obligations would be the same.

Moreover, there was no debt "due and owing" by the person to whom the property was assessed, within the intendment of section 54:4–14, *supra*. The mortgaged premises are primarily answerable for the mortgage debt; and the *quantum* of the mortgagor's liability depends upon the sum realized

from the sale of the security in foreclosure. *Montclair Savings Bank* v. *Sylvester*, 122 *N. J. Eq.* 518.

The judgment of the State Board of Tax Appeals is accordingly affirmed, with costs.