270 P.2d 978

CRAWFORD v. TAYLOR.

No. 5748.

Supreme Court of New Mexico.

May 6, 1954.

Rehearing Denied June 10, 1954.

Douglass K. FitzHugh, Truth or Consequences, for appellant.

Nils T. Kjellstrom, Hot Springs, for appellee.

LUJAN, Justice.

This case is before us to review the judgment of the district court entered in favor of the defendant dismissing plaintiff's complaint.

The plaintiff was an anesthetist, employed by the Carrie Tingley Crippled Children's Hospital at Truth or Consequences, New Mexico. It is alleged that as an inducement to plaintiff to accept said employment, and as a part of her compensation for her services in that capacity, it was agreed that the hospital would furnish her a room with bath for personal and private use. At the time of the claimed interference by the defendant she had been so employed for approximately three years. The defendant was the superintendent of the hospital.

It is the general principle that an employee earning a living, or otherwise enjoying the fruits and advantages of his or her profession or calling, has a right to pursue such employment undisturbed by wanton and malicious interference. It would serve no useful purpose to review the great number of English and American cases which deal with the question of the wanton and malicious interference with contract, trade, business, or employment. A discussion of this subject can be found in 30 Am.Jur. pages 55 to 102. And opinions bearing upon the question are collected in annotation in 29 A.L.R. pages 532 to 550; and 84 A.L.R. 43 to 100.

The complaint, among other things, alleged that the defendant moved another employee into her private room and instructed her that she had to either double up with another employee or move out of her room, and offered no compensation in lieu of the use and occupancy of her room; that she protested this action as a breach of her contract, but was nevertheless compelled to move out of her room and seek quarters outside the premises of the hospital; that the defendant deliberately and maliciously, and with intent to injure and damage her, engaged in a course of conduct and oppressiveness towards her for the purpose, as she is informed and believes, of

compelling her to resign from said employment; that the actions of the defendant in the premises became so oppressive that she was compelled to and did resign her position; that she is entitled to recover punitive damages from the defendant for the deliberate and malicious acts of the defendant in forcing her to give up her gainful employment.

To this complaint the defendant filed a motion to dismiss on the grounds that the same does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant. The motion was sustained and plaintiff was given twenty days in which to amend her complaint but she declined to plead further and an order was entered dismissing the complaint, and she appeals.

The errors assigned, are:

"(1) The Court erred in entering its order sustaining defendant's motion to dismiss.

"(2) The Court erred in holding, in effect, that plaintiff's complaint failed to state sufficient facts upon which relief could be granted."

This complaint cannot state a cause of action for breach of contract because plaintiff's contract was with the Carrie Tingley Crippled Children's Hospital and not with the defendant, the superintendent. The absence of the hospital as a party defendant makes a suit for breach of contract impossible.

Therefore, any cause of action stated in this complaint must be one for tort based upon a wanton or malicious interference by the superintendent as an individual with the plaintiff which wrongfully prevents her from performing her contract with the hospital and getting out of the contract the benefits to which she was entitled.

Paragraph three of the complaint alleges an unwarranted change in the terms of the original contract by depriving the plaintiff of adequate living quarters. If the allegations were proven, it might well constitute a breach of the original contract but, in this case, it will not support a tort action by reason of the absence of an allegation that the superintendent made this change wantonly, maliciously or with any wrongful intent.

Turning to paragraph four of the complaint, there is an adequate statement of a wanton and malicious interference by the superintendent with the acts of the plaintiff to constitute a cause of action in tort; however, the only claim for damages flowing from this malicious conduct on the part of the defendant is for punitive damages.

The allegations of paragraph four of the complaint would seem to squarely

raise the issue of whether or not there can be a cause of action for punitive damages alone. In our judgment there can be no such action.

Nevertheless, the alleged malicious interference by defendant with plaintiff's right to carry out her contract with the hospital and enjoy the fruits thereof would sustain an award to plaintiff of nominal damages. The fact that the prayer makes no request for nominal damages is immaterial since the prayer, not being a part of the statement of a cause of action, could be omitted entirely. Burnham-Hanna-Munger Dry Goods Co. v. Hill, 1912, 17 N.M. 347, 128 P. 62; see also Moore's Federal Practice, 2d Ed., Vol. 2, p. 1669, par. 8.18. If, as we believe, the allegations are sufficient to sustain an award of at least nominal damages, it has already been indicated by this Court in Hagerman Irrigation Co. v. McMurray, 1911, 16 N.M. 172, 113 P. 823, that such an award, in a proper case, will support an award of punitive damages, and we so hold the law to be in this jurisdiction.

The judgment of the trial court sustaining the motion to dismiss the complaint is reversed, with directions to overrule the motion and require the defendant to answer.

McGHEE, C. J., and SADLER, COMPTON and SEYMOUR, JJ., concur.