275 P.2d 181

Joseph KISELLA and Clara Kisella,
Plaintiffs-Appellants,

v.

W. T. DUNN, Defendant-Appellee.

No. 5813.

Supreme Court of New Mexico.

Oct. 13, 1954.

Hartley & Buzzard, Clovis, for appellants.

Smith & Smith, Clovis, for appellee.

McGHEE, Chief Justice.

The plaintiffs instituted this action by complaint seeking damages for fraud and deceit in connection with a trade of properties owned by the parties. After filing of the complaint the defendant moved for a definite statement under Rule 12(e), Rules of Civil Procedure, asking that plaintiffs' state whether or not there was a written contract between the parties and that if there were such written contract that the plaintiffs be required to attach a copy thereof to their pleadings.

Without action on the part of the court on such motion the plaintiffs filed a paper erroneously entitled "Bill of Particulars," in which it was stated an exchange agreement had been executed and entered into between the parties, a copy of the contract being attached thereto. Thereafter the defendant answered with a general denial and moved for judgment on the pleadings. After a hearing on such motion the trial court entered judgment in favor of the defendant on the ground the plaintiffs had not stated a claim for which relief could be granted. From such judgment the plaintiffs appeal, under the single assignment it was error for the trial court to grant defendant's motion for judgment on the pleadings.

The determination of but one of the five points made by plaintiffs on this appeal is decisive of the case. It reads as follows:

"If a complaint contains allegations that the plaintiff was damaged by fraud in a trade of properties, and if the plaintiff subsequently answers a motion for a more definite statement by incorporating a contract concerning the trade in his pleadings, the terms of the contract are not final and conclusive for the purpose of a motion for judgment on the pleadings on the issue of reliance on the fraud, since the plaintiff could show at the trial on the merits that the original contract was modified to his damage through fraud."

The allegations of plaintiffs' complaint respecting claim of fraud are brief and are hereafter set out in full:

"II. That on or about the 1st day of March, 1953, at Clovis, New Mexico, the defendant W. T. Dunn and Mrs. W. T. Dunn falsely and fraudulently with intent to deceive and defraud the plaintiffs represented to the plaintiffs that the Dunn Bros. Motor Co. had on stock $21,000.00 worth of automobile parts; when plaintiffs questioned defendant concerning the parts defendant and his wife, Mrs. W. T. Dunn, in the presence of plaintiffs, did state that there was $14,000.00 worth of current Nash automobile parts on stock at Dunn Bros. Motor Co. and that there was $2,000.00 worth of obsolete parts in said Nash agency.

"III. That said representations were false and were then and there known by the defendant to be false; that in truth and in fact there was only $3,909.63 worth of current Nash parts in said Dunn Bros. Motor Co.

"IV. That plaintiffs believed and relied upon said representations and were thereby induced to trade real estate in the State of California for said Dunn Bros. Motor Co., crediting said defendant with the sum of $14,000.00 current parts on said trade."

These allegations were followed by a statement of damage to the plaintiffs in the sum of $10,090.37.

It is to be noted the second paragraph of the complaint set out above alleges the fraudulent misrepresentation was made on or about the 1st day of March, 1953. The contract attached to plaintiffs' definite statement is dated February 6, 1953, and generally provides that the plaintiffs would trade a motel they owned in Santa Monica, California, for a motor company owned by the defendant and his wife in Clovis, New Mexico. The property to be given in exchange by the defendant and his wife included a parts inventory, and the agreement contained this provision:

"Each party hereto has investigated the property hereby to be acquired and has placed his own valuation thereon without relying upon any representations by the agent."

The trial court in its decision found the parties had entered into such contract; that the "Bill of Particulars" filed by the plaintiffs pleaded a contract dated February 6, 1953; that the contract specifically stated each party had investigated the property for which they were trading and had placed their own valuation thereon; that the false representations complained of were alleged to have been made after the contract was entered into and could not have been the inducing cause of the contract; and that the

written contract embodied the entire transaction between the parties.

Plaintiffs' point two set out above raises two legal issues. The first question respects the consideration to be given to plaintiffs' response to the defendant's motion for a definite statement in acting upon motion for judgment on the pleadings for insufficiency. It is apparently contended by the plaintiffs that the general allegations of fraud made in their complaint are to be held sufficient or insufficient within themselves and without recourse to the definite statement. Secondly, the question is raised, if plaintiffs' definite statement is to be considered on motion for judgment on the pleadings, whether having set forth the contract the allegations of the complaint are still sufficient to entitle the plaintiffs to show at the trial a breach of the contract, its subsequent oral modification resulting in terms more favorable to the defendant, and that such modification was entered into by the plaintiffs in reliance on fraudulent misrepresentations made by the defendant subsequent to the execution of the original contract, but prior to such modification.

By amendment in 1949 the provisions of Rule 12(e) respecting bills of particular were abolished. § 19–101(12) (e), 1951 Supp. to N.M.S.A., 1941. Prior to this amendment the rule provided: " * * * a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. * * * A bill of particulars becomes a part of pleading which it supplements." § 19–101(12) (e), N.M.S.A.1941.

The rule as it now stands, in exact conformity with Federal Rules of Civil Procedure, Rule 12(e), 28 U.S.C.A., where similar amendment was adopted, provides in pertinent part:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. * * *"

Although some federal cases made a distinction between the purpose of a bill of particulars and a definite statement, to the effect a bill of particulars might be called for to elicit details of an adversary's claim or defense, while the definite statement is to clarify issues first stated vaguely, see Walling v. West Virginia Pulp & Paper Co., D.C.S.C.1942, 2 F.R.D. 416, the great majority of courts by construction held the provision of the rule before amendment allowing either a motion for bill of particulars or for definite statement "to prepare for trial" was comprehended in the preced-

ing phrase "to prepare his responsive pleading", so that evidentiary matters available under the rules relating to discovery could not properly be made the basis for request for bill of particulars and thereby defeat the simple statement of the claim to be made under Rule 8(a). It is stated in 2 Moore's Federal Practice (2d Ed.1948), paragraph 12.17, p. 2295: "The general rule, however, limited the function of either motion to assisting the moving party in preparing his responsive pleading, and since the purpose was the same in both cases, the form of motion was not important."

Although the force of decisions under the earlier rule which declared the bill of particulars became a part of the pleadings which it supplemented might appear to be somewhat limited, when understood in the light of the foregoing, it is apparent either motion served the purpose of bringing forth matter to clarify the issues in the pleading in order that the movant might frame a responsive pleading. Since such is the purpose of the definite statement, it would be frivolous to say a complaint should not be read in conjunction with such statement.

In re Rambo v. United States, D.C.Ga., 1941, 2 F.R.D. 200, 202, it is said:

"Where a petition, sufficient to withstand a motion to dismiss, would be vulnerable to such an attack if the case were fully stated, the proper procedure is by motion for more definite state-ment or for a bill of particulars, Rule 12(e). Where the petition, as amended or aided by bill of particulars, discloses no cause of action, it may then be dismissed on motion, but where it is sufficient on its face to withstand such motion it can not be so attacked until the petition by amendment or by bill of particulars discloses the absence of a cause of action."

In the following cases such procedure was followed in situations analogous to that before us: Johnson v. Johnson & Co., Inc., D.C.Ga.1942, 2 F.R.D. 291; Mahoney v. Bethlehem Engineering Corporation, D.C. N.Y.1939, 27 F.Supp. 865; Mendola v. Carborundum Company, D.C.N.Y.1938, 26 F.Supp. 359; and Davis v. General Foods Corporation, D.C.N.Y.1937, 21 F.Supp. 445. See also, Comment: "Request for bill of particulars to prepare for motion to dismiss", 2 Fed.Rules Serv.12e22, p. 641; 2 Moore's Federal Practice, (2d Ed.1948) paragraph 12.18(4), p. 2306, et seq.

■ The fact the definite statement was supplied in the present case voluntarily rather than under order of the court does not limit its effect. 71 C.J.S., Pleading, § 383.

It is our holding, therefore, that the lower court properly considered the plaintiffs' definite statement in ruling upon defendant's motion for judgment on the pleadings.

■■ When we come to the merits of the motion we find the plaintiff has alleged

a fraudulent misrepresentation made subsequent to the execution of a contract. Neither in the complaint, the definite statement, the requested findings of fact of the plaintiffs, nor in their brief on this appeal is it suggested the execution of the written contract was induced by fraud on the part of the defendant. It is true, as is urged by the plaintiffs, that a party who was induced to enter into a contract by fraud may show there was a misrepresentation .as to the value of property in question even though the contract contains a clause designed to shut the mouth of the adverse party as to such fraudulent representations. Berrendo Irrigated Farms Co. v. Jacobs, 1917, 23 N.M. 290, 168 P. 483. But in this case the written contract is nowhere the subject of attack. Although it be taken as true that subsequent to the execution of the contract the defendant made false and fraudulent representations as to the value of the automotive parts in stock, where is the damage to the plaintiffs? They have not alleged they were induced to give any performance over and above what they were bound to do by a contract they do not attack. No breach of that contract is alleged; no subsequent modification is alleged. There is nothing to fill in the gap between a contract alleged and not attacked and the allegations of fraud based upon alleged misrepresentations made after the contract was entered into.

The only case cited by the plaintiffs in support of their position is Hendricks v. Wichita Federal Savings & Loan Ass'n., 1943, 157 Kan. 651, 143 P.2d 780, where it was ruled a plaintiff could introduce evidence supporting an action in tort for fraud although two contracts had been incorporated in the plaintiff's complaint. That case is. not in point here for there the plaintiff had sufficiently alleged a fraudulent scheme to induce the plaintiff to part with his money of which the contracts were a part. That is, not the case before us.

We are of the opinion judgment in favor of the defendant must be affirmed, and such decision is not in conflict with the general philosophy of our rules that technical refinements in the law of pleading, shall not be utilized to lever a party out of court, because, with all of the rules of liberality prevailing in favor of a pleader, "The pleading still must state a 'cause of action' in the sense that it must show 'that. the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." 2 Moore's Federal Practice (2d Ed.1948), paragraph 8.13, p. 1653.

The judgment is affirmed, and it is so. ordered.

SADLER, COMPTON, LUJAN and SEYMOUR, JJ., concur.