250 F.2d 51
 Louisa B. MADRID, Ernesto B. Madrid, Julian B. Madrid, Juan
Manuel Mardrid, Mariana Louisa Madrid, C. J. McBee, Robert
H. Maese, Rex Spears and McBee Drilling Company, a
partnership; the unknown heirs of the following-named
deceased persons: Ernesto Madrid, also known as Ernesto H.
Madrid; and all known claimants of interest in the premises
adverse to the plaintiff, Appellants,
v.
Emma C. SPEARS, Appellee.
Emma C. SPEARS, Cross-Appellant,
v.
Louisa B. MADRID, Ernesto B. Madrid, Julian B. Madrid, Juan
Manuel Madrid, Mariana Louisa Madrid, C. J. McBee, Robert H.
Maese, Rex Spears and McBee Drilling Company, a partnership;
the unknown heirs of the following-named deceased persons:
Ernesto Madrid, also known as Ernesto H. Madrid; and all
unknown claimants of interest in the premises adverse to the
plaintiff, Cross-Appellees.
 Nos. 5604, 5605.
 United States Court of Appeals Tenth Circuit.
 Nov. 15, 1957.
 
 R. C. Garland, Las Cruces, N.M., for appellants and cross-appellees.
 W. C. Schauer, Roswell, N.M., for appellee and cross-appellant.
 Before MURRAH, PICKETT and LEWIS, Circuit Judges.
 MURRAH, Circuit Judge.
 
 
 1
 Appellee, Spears, a nonresident of New Mexico, brought this diversity action to cancel a deed and quiet her title to an undivided one-half interest in 320 acres of land in New Mexico, on the grounds that her name to the deed was forged. The appellant Madrids, occupying claimants under the deed, denied the forgery, but pleaded alternatively that they had made valuable improvements in good faith under color of title, and that Spears was estopped by laches to assert her title. By responsive pleading, Spears admitted the valuable improvements for which the Madrids were entitled to credit, but alleged that they had also realized large profits from the land during the years 1952, 1953, 1954 and 1955, and that they should be made to account for them.
 
 
 2
 On a trial without a jury, the court found that the deed was a forgery and that the plaintiff, Spears, was entitled to a one-half interest in the land; but it also found that the Madrids had, prior to notice of the forgery, made valuable improvements in the good faith belief that they were the fee owners; and that the Madrids were entitled to restitution for one-half of the cost of such improvements in the agreed amount of $14,214.42. Finding no evidence of the rental value of the land without the improvements, the court concluded that Spears was not entitled to share in the profits in the agreed amount of $17,453 realized from the use of the land for the years 1952 through 1955. The court ordered the land partitioned; the Madrids made an election which the court confirmed and imposed a lien against Spears' interest and the rents and profits therefrom for the amount of the agreed one-half cost of the improvements until discharged.
 
 
 3
 The Madrids have appealed from that part of the judgment limiting their recovery for the improvements to the actual cost thereof, contending that the amount of their recovery in this equitable proceedings is not measured by 'the cost of the improvements, but by the amount they have enhanced the value of the land, less the net profits derived therefrom since the filing of the plaintiff's complaint.' In that connection, it is agreed that one-half of the difference between the value of the land at the time the Madrids occupied it under the forged deed, and the time they were dispossessed, was $39,150. The appellee, Spears, has appealed from that part of the judgment which denied her any credit or set-off for the rents and profits received by the Madrids after notice of appellee's claim in October 1953.
 
 
 4
 Like most states, New Mexico has long since enacted a statutory scheme under which an occupying claimant in an ejectment action may plead and prove the value of the good faith improvements under color of title. And, the plaintiff in such action may, after prescribed notice, in like manner prove the amount of the mesne profits of the said premises; provided, however, that no improvements shall be valued or allowed which were made after the execution of the original summons in the suit or after service of written notice of claim of title to the land, and the nature of such claim; and provided also that no mesne profits shall be valued and recovered except those which accrued after the commencement of the suit or after notice given as prescribed in the statute. N.M.Stat.Annot. 1953, 22-8-14. When the verdict is for the plaintiff in the action, the jury must also find the 'value of the improvements' in favor of the defendant 'proved in the manner aforesaid' and also the amount of the mesne profits 'proved to have been accrued as aforesaid, as also the value of the land in its natural state without the improvements, and if the value of the improvements should exceed the amount of the mesne profits, the balance or overplus thereof shall be found by the jury in favor of the defendant or tenant in possession * * *.' If the mesne profits shall exceed the value of the improvements, the jury shall find the amount of such sale or overplus against the defendant or tenant in possession, and judgment shall be rendered for such balance or overplus so found against the defendant or tenant in possession. 22-8-15.
 
 
 5
 The statutes also further provide that if, upon the rendition of the judgment in the suit, the value of the good faith improvements shall exceed the mesne profits, the plaintiff in such suit shall elect whether he shall take his judgment and pay for the improvements assessed against him, or take the pay from the defendant for the net profits and the value of the land in its natural state without the improvements. If he elects to take pay for the net profits and the value of the land without the improvements, he shall tender a warranty deed to the defendant for the said lands upon the payment of the value as found by the jury in its natural state without the improvements, the said payment to be made in such reasonable time as the court may allow. see 22-8-16. Sections 22-8-17 and 22-8-18, which immediately follow, also provide a remedy for good faith improvers, but such remedies are less comprehensive and not entirely consistent with the foregoing provisions. And, the compiler suggests that these latter sections may be superseded by the former.
 
 
 6
 These statutes are intended to modify and ameliorate the rigid common-law rule under which even an innocent improver was considered an interloper without legal remedy. They have their genesis in and are based upon the maxim that one who seeks equity must do equity; and the equally, yet more complex doctrine of restitution, as for unjust enrichment. See Restatement Restitution, Introductory Note p. 4, Topic 1, p. 11, 1, p. 12. They have the designed effect of balancing the equities between the parties and enabling the court to do complete justice in the premises.
 
 
 7
 Appellant Madrids deny that the statutes have application in this equitable action. But, under New Mexico procedure, like federal procedure, there is only one form of action known as a 'civil action', in which the pleader is required only to plead facts entitling him to relief on any legally sustainable theory. See Rules 21-1-1(2) and 21-1-1(8)(a)(2). And while the rules do not purport to abolish the distinction between equity and law, no distinct forms of action are necessary or permissible to state a claim under either. Applicability does not depend upon the form of action, either here or in the state court. The statutes, while procedural in form, are substantive and restitutory in nature and effect. And, their 'principles * * * apply and extend to all suits in equity when the object of the complaint or answer is for the recovery of lands and tenements.' 22-8-3. We have then a good faith improver admittedly entitled to recover the statutory value of his improvements, and the question is by what criteria shall we measure it. The actual cost of the improvements is admitted and it was the basis of the trial court's judgment.
 
 
 8
 From the welter of cases collected at 24 A.L.R.2d, 14, 31, based both on equitable and statutory considerations, the editors have evolved the rule that a good faith improver is entitled to compensation for his improvements 'measured not by the cost of the improvements, but by the amount to which they have enhanced the value of the owner's estate, less the mesne profits or rental value of the land.' And, enhanced value is usually determined by the difference between the value of the land with and without the improvements at the time of dispossession. In most cases, of which Reimann v. Baum, 115 Utah 147, 203 P.2d 387, is typical, the cost of the improvements exceeds the enhanced value of the land, and the court is concerned lest the improver recoup more than the owner is unjustly enriched. And see Greer v. Stanolind Oil & Gas Co., 10 Cir., 200 F.2d 920. But, cost is usually a factor in determining value, and in some cases is a limitation upon the improver's recovery, as where enhancement exceeds cost, and the court is again concerned lest the improver's recovery exceed the amount of the unjust enrichment to the owner. This is so for the test of recovery is not how much the owner is enriched by the improvements, but how much he is unjustly enriched. And, the owner is not unjustly enriched more than the improver's cost. In short, where enhancement exceeds cost, unjust enrichment equals cost. See cases Annot., supra, page 37; Meyers v. Canute, 242 Iowa 692, 46 N.W.2d 72, 24 A.L.R.2d 1. It was these considerations which undoubtedly led the Restatement to adopt the 'whichever is the least rule' to the effect that 'where the improver is permitted to recover for the improvements, he is entitled to the reasonable value of his labor and materials or to the amount which his improvements have added to the market value of the land, whichever is smaller.' Restatement on Restitution, 42, Comment on Subsection (1).
 
 
 9
 The land has enhanced in value during the Madrids' occupancy from $4,800 to $83,100. The enhancement was undoubtedly attributable in part to natural economic factors, and part to the good faith improvements. The proof does not show the extent to which the improvements enhanced the gross value, but we may concede that such enhancement greatly exceeded the agreed cost. But even so, since the owner cannot be said to have been unjustly enriched in excess of the improver's cost, the trial court's judgment based thereon is correct.
 
 Cross Appeal
 
 10
 The trial court based its denial of a setoff for the agreed mesne profits derived from the premises during the Madrids' occupancy squarely on the premise that Spears' recovery therefor was limited to the 'rental value of the land in its raw state without its improvements', and in the absence of any such proof, the plaintiff was not entitled to recover any of the rents and profits. And, this is undoubtedly the prevailing rule. See cases collected Annot. 24 A.L.R.2d 52, 19.
 
 
 11
 As we have seen, the applicable statutes contemplate and provide for an equitable setoff of the mesne profits which accrue after the prescribed statutory notice, and for judgment for the balance or overplus, whichever is greater. The statute also provides for the determination of the value of the land in its natural state, and it does not specifically provide that the rental value or mesne profits shall be based thereon. But we can find nothing in the equalizing provisions of the statute which would require us to construe it differently from the prevailing rule. Certainly we cannot say that the trial courths construction in that regard is clearly erroneous, and the judgment is affirmed.