405 P.2d 405

Renwick L. ALLEN and Courtney Vallentine,
Plaintiffs-Appellants,

v.

Jim McCLELLAN, James C. King, Wally
Green, W. A. Humphries, and Ladd S. Gor-
don, Director of the New Mexico Game
Commission, Defendants-Appellees.

No. 7681.

Supreme Court of New Mexico.

Aug. 30, 1965.

O. R. Adams, Jr., Albuquerque, for appellants.

Earl E. Hartley, Atty. Gen., Lyle E. Teutsch, Jr., Sp. Asst. Atty. Gen., Santa Fe, for appellees.

NOBLE, Justice.

Plaintiffs (appellants), the owners of approximately twelve acres of land, brought suit seeking to restrain defendants (appellees), employees of the state game commission, from interference with their use of the land, and to recover damages, contending that defendants had, without statutory authority and in violation of due process, damaged their private property for public use without just compensation, and had denied them the equal protection of the laws.

The plaintiffs' land lies within the exterior boundaries of a game refuge or game management area known as the "Belen Game Management Area, No. 308," created by order of the commission. The orders creating the area do not particularly describe these lands but only the exterior boundaries of the entire area. It is clear from the record that the commission, without the consent of or payment of compensa-

tion to the owners of the twelve acres now involved, ordered that it be closed to all hunting and that no guns be allowed. The roads leading to these twelve acres were closed by the commission. In 1963, during an open season on Canada geese within the general area, plaintiffs and their guests were arrested for hunting on plaintiffs' land, and their geese were confiscated. Shortly thereafter, this action was instituted, which resulted in a dismissal of the complaint on the ground that plaintiffs had no right to hunt on the land owned by them and that they had suffered no compensable damage. This appeal followed.

The plaintiffs recognize the commission's authority to prescribe open and closed seasons for the taking of migratory birds, but contend that including plaintiffs' private land in the refuge is not within the authority granted by the legislature; denies them privileges which neighbors in the area enjoy, with no reasonable basis for the classification made; and, as a result denies to them the equal protection of the law. They also assert that the action of the commission has resulted in damage to their private property for a public use without compensation, contrary to Art. II, section 20 of our Constitution.

The game commission claims the right to promulgate orders establishing game refuges and to designate certain areas as rest grounds for migratory birds in which hunting is forbidden, under the authority granted by § 53–1–8, N.M.S.A. 1953. It asserts that this right is not restricted to public lands but extends to privately owned lands with or without the consent of the owner.

■ We agree that the legislature may provide by law for the conservation of game animals and birds, but only so long as such laws do not deny to one having rights in privately owned land the due process or equal protection of the laws that our Constitution guarantees to all persons.

■ It is a familiar rule of statutory construction that all of the provisions of a statute, together with other statutes in pari materia, must be read together to ascertain the legislative intent. Particular words, phrases and provisions must be construed with reference to the leading idea or purpose derived from the whole statute. Thus, each part should be construed in connection with every other part so as to produce a harmonious whole. Cox v. City of Albuquerque, 53 N.M. 334, 207 P.2d 1017; El Paso Electric Co. v. Milkman, 66 N.M. 335, 347 P.2d 1002; State v. Wylie, 71 N.M. 447, 379 P.2d 86; 2 Sutherland, Statutory Construction (3d Ed.) § 4703. The connection of a particular clause with other clauses in the same statute, and with those in pari materia, must be considered with relation to the conclusions which, on comparison with other clauses, may reasonably and obviously be drawn.

School Directors, etc. v. County Board of School Trustees, 15 Ill.App.2d 115, 145 N.E.2d 285; National Labor Relations Board v. Lion Oil Co., 352 U.S. 282, 77 S.Ct. 330, 1 L.Ed.2d 331; Finnegan v. State Board of Tax Appeals, 131 N.J.L. 276, 36 A.2d 13.

When other provisions of the same section of the statute, authorizing the commission to purchase lands where suitable public lands do not exist and to receive lands by gift or bequest, are considered in connection with the authority to establish refuges and migratory bird resting grounds, it becomes apparent that the legislature intended such refuges and resting grounds to be located on public lands. This conclusion is bolstered when we view § 53–4–1, N.M.S.A.1953, which authorizes the commission to acquire lands by purchase, gift, bequest, or lease, and § 53–4–2, N.M.S.A. 1953, which grants the commission the power of eminent domain to acquire lands for public purposes.

The identical question was before the Florida Supreme Court in Alford v. Finch, 155 So.2d 790 (Fla.1963). The holding of that court expresses our views under the facts here present. We quote:

"The appellant has confused the ownership of the game in its wild state with the ownership of the right to pursue the game. The landowner is not the owner of the game, ferae naturae, but he does own, as private property, the right to pursue game upon his own lands. That right is property, just as are the trees on the land and the ore in the ground, and is subject to lease, purchase and sale in like manner. The right to hunt on another's premises, the right of venery, is an interest in real estate in the nature of an incorporeal hereditament and as such is within the statute of frauds and requires a writing for its creation.

"The predominant feature in the instant case is the taking, with neither consent nor compensation, by the appellant from the appellees, of a property right—the right to pursue the game on their land. It is our view that the Commission is empowered to regulate the taking of game and to acquire property, by purchase and gift, for its use but that under the authority delineated in the Constitution, it is not, under the guise of regulation or otherwise, empowered to take private property for public purpose without just compensation. * * *"

The express purpose of creating migratory bird resting grounds, such as the game management area involved in this case, is "to provide havens in which they can rest and feed without molestation." We cannot agree with the commission that because of the time of the year when

Canada geese arrive in New Mexico, crops should have been harvested and removed from the fields so that such enforced resting and feeding places would not constitute the consequential damaging of private property without just compensation, in violation of Art. II, section 20 of our Constitution. No requirement of law has been pointed out to us requiring the owner of private land to remove his crops at any particular time.

It is our view that the commission may not create a game refuge or migratory bird resting ground on private land without consent, or without acquiring the necessary interest in the land by eminent domain or in such other manner as is authorized by law. Were it otherwise, the owner would be deprived of the right, enjoyed by others in the vicinity but outside the refuge, to hunt game on his own property and thereby be in violation of the due process and equal protection clauses of the Constitution. It is also our view that the inclusion of private land within such a game management area for the purpose of providing a place for migratory birds "to rest and feed unmolested" may result in consequential damage to the owner of private land included therein, contrary to Art. II, section 20 of the Constitution, even though there was no actual taking of any part of the land itself. Board of County Com'rs of Lincoln County v. Harris, 69 N.M. 315, 366 P.2d 710.

The judgment appealed from is reversed and the cause remanded with instructions to proceed in a manner not inconsistent with this opinion.

It is so ordered.

CARMODY, C. J., and MOISE, J., concur.