419 P.2d 257

Teodulo GONZALES et al., Plaintiffs-Appellants and Cross-Appellees,

v.

OIL, CHEMICAL AND ATOMIC WORKERS INTERNATIONAL UNION, AFL–CIO and its Members, et al., Defendants-Appellees, Oil Chemical and Atomic Workers International Union, AFL–CIO, Oil, Chemical and Atomic Workers, Local Union 3–658, Arthur Lopez, Walter C. Peterson, Dale F. Cross, Jack L. Smith, L. U. Marshall, William A. Hanley, and Marvin Sell, Defendants-Appellees and Cross-Appellants.

No. 7882.

Supreme Court of New Mexico.

Oct. 17, 1966.

Key & May, Byron Guse, Albuquerque, for appellants.

Kool & Kool, Albuquerque, Mullinax, Wells, Mauzy, Levy & Richards, Charles J. Morris, Dallas, Tex., for appellees.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

A labor dispute resulted in a strike and picketing at the mines and mills of Kermac Nuclear Fuels Corporation in Valencia County, New Mexico. The sixty-six plaintiffs are alleged to be employees of the corporation. The union·defendants are the international and local 3–658 of the Oil, Chemical and Atomic Workers Union. Each of the eight individual defendants is alleged to be either a union representative, officer or member.[1] The amended com-

---

1. Four defendants named in the complaint —Patton, Allison, Hays and Young—did not appear and were not served with process.

plaint seeks damages as a result of alleged acts of defendants committed in connection with the labor dispute.

Concluding that it did not have jurisdiction, the trial court dismissed the amended complaint on the ground "that the subject matter * * * has been pre-empted by the Labor Management Relations Act of 1947, a federal statute, * * *" Plaintiffs' appeal requires a determination of (1) the claims asserted and (2) New Mexico jurisdiction over these claims.

Defendants' cross-appeal under § 21–2–1 (17) (2), N.M.S.A.1953, raises issues of (1) res judicata, (2) the applicability of § 59–13–2, N.M.S.A.1953, and (3) the sufficiency of pleadings alleging agency and a class action.

Three claims for relief are asserted. They are: (1) that from July 24, 1961, to September 9, 1961, defendants wilfully and maliciously prevented each of the plaintiffs from going to or engaging in their employment; this alleges a common law tort; Crawford v. Taylor, 58 N.M. 340, 270 P.2d 978; (2) that five of the plaintiffs were imprisoned in the union hall on August 11, 1961; this is a sufficient allegation of false imprisonment; Sanchez v. Securities Acceptance Corp., 57 N.M. 512, 260 P.2d 703; and (3) that defendants prevented the plaintiffs from pursuing their employment and interfered with their use of the public roads, contrary to §§ 59–13–1 and 59–13–2, N.M.S.A.1953. This alleges

a statutory violation and is sufficient under § 21–1–1(9) (h), N.M.S.A.1953.

The parties raise no question as to whether the Labor-Management Relations Act of 1947 (29 U.S.C. § 141) is applicable to the labor dispute out of which these claims arise. The issue of federal pre-emption having been presented on the basis that federal labor law is applicable, the issue will be answered on that basis.

Numerous cases deal with the question of pre-emption, that is, whether federal labor law so occupies the field that state courts are prevented from asserting jurisdiction. The following cases are of particular interest: United Construction Workers, etc. v. Laburnum Construction Corp., 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025; Youngdahl v. Rainfair, Inc., 355 U.S. 131, 78 S.Ct. 206, 2 L.Ed.2d 151; International Union, etc. v. Russell, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed. 2d 1030; San Diego Building Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775; Local 20, Teamsters, etc. Union v. Morton, 377 U.S. 252, 84 S.Ct. 1253, 12 L.Ed.2d 280; and Price v. United Mine Workers, 336 F.2d 771 (6th Cir. 1964).

These cases instruct us to this effect: (1) the nature of the defendants' conduct must be examined in determining whether state jurisdiction has been pre-empted and (2) when defendants' conduct is marked by violence, threats of violence or imminent threats to public order, the

states have jurisdiction to grant compensation for the consequences of that conduct.

Each of the three claims alleges violence and threats of violence on the part of defendants.

The main thrust of defendants' claim of federal pre-emption is against the claim of a statutory violation. While the complaint alleges violation of §§ 59–13–1 and 59–13–2, N.M.S.A.1953, the wording of the complaint indicates that the only portion of the statute involved is § 59–13–2(B), N.M.S.A. 1953. It reads:

"It shall be unlawful in connection with any labor dispute for any person individually or in concert with others to hinder or prevent by mass picketing, violence or threats of violence, force, coercion, or intimidation of any kind, the pursuit of any lawful work or employment, or to obstruct or interfere with entrance to or egress from any place of employment, or to obstruct or interfere with free or uninterrupted use of any public roads, streets, highways, railways, airports or other ways of travel or conveyance."

The attack on this statute is three-fold. First, it is asserted that the jurisdiction remaining to the states is jurisdiction over common law torts as opposed to jurisdiction over statutory violations, relying on United Construction Workers, etc. v. Laburnum Construction Corp., supra; International Union, etc. v. Russell, supra; and San Diego Building Trades Council, etc. v. Garmon, supra.

The cases do not support this contention. While Laburnum and Russell held that states had jurisdiction over common law actions, there was no issue as to jurisdiction over statutory violations. In the Garmon case the application of the California statute was denied, not because it was a statute, but because activities regulated by the statute had been pre-empted.

The proposed distinction between a common law tort and a statutory violation is without merit. The conduct involved is the basis for jurisdiction. As stated in Garmon:

"* * * [J]udicial concern has necessarily focused on the nature of the activities which the States have sought to regulate, rather than on the method of regulation adopted. * * *"

Second, it is asserted that § 59–13–2(B), N.M.S.A.1953, applies to both violent and non-violent conduct. Because it does not distinguish between types of conduct, and because state jurisdiction is limited to violent conduct, defendants contend that New Mexico does not have jurisdiction over claims alleging a violation of the statute. They point out that the statute would afford relief for "coercion or intimidation of any kind" and would apply to coercion or in-

timidation consisting of non-threatening speech or peaceful picketing.

Youngdahl v. Rainfair, Inc., supra, held that the Arkansas court had "entered the pre-empted domain of the National Labor Relations Board insofar as it enjoined peaceful picketing * * *." In the Garmon case a damage award based on a California statute was reversed. The award was based on peaceful union activity. State jurisdiction over the peaceful activity had been pre-empted by the federal labor law.

■ New Mexico courts cannot give effect to those portions of the statute authorizing damages for peaceful activities in connection with a labor dispute where federal labor law is applicable. Its jurisdiction over such activities is pre-empted by the federal labor law.

■ Section 59–13–2, N.M.S.A.1953, was enacted by Laws 1959, Chapter 26. Section 4 of the act provides that if any portion of the act is "invalid or inoperative by virtue of Federal pre-emption" the remainder of the act is not affected. Applying the severability provision, the claim of statutory violation based on violence or threats of violence is a claim over which the trial court has jurisdiction.

Third, it is asserted that §§ 59–13–1 and 59–13–2, N.M.S.A.1953, cannot be enforced by New Mexico courts because they conflict with the federal statute. They say this conflict is shown by comparing our statute with §§ 7 and 8 of the federal statute (29 U.S.C. §§ 157 and 158). Defendants would apply the following language from the Garmon decision:

"* * * When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."

■ Defendants contend the portion of the New Mexico statute relating to violence or threats of violence cannot be given effect by our courts because such is "arguably subject" to the federal act. They assert that New Mexico courts have no jurisdiction because our statute poses a potential conflict with the federal statute.

Garmon held that California could not enforce its statute authorizing an award of damages on the basis of certain peaceful union activities because the statute raised a potential conflict with federal labor law. The "arguably subject" theory was applied to the facts of that case—the peaceful union activity. In so holding, Garmon expressly recognized the jurisdiction of state courts to award damages for conduct marked by violence and threats to public order, and stated:

"* * * State jurisdiction * * * in these situations * * * is not overridden in the absence of clearly expressed congressional direction."

The "arguably subject" theory is not a basis for ousting New Mexico courts of jurisdiction over violations of our statute based on violence or threats of violence.

■ Each of the three claims being based on violence or threats of violence, the federal labor law did not pre-empt the jurisdiction of the New Mexico court. The trial court erred in dismissing the amended complaint on this ground.

Defendants' cross-appeal asserts that the trial court correctly dismissed the amended complaint even if New Mexico jurisdiction has not been pre-empted.

The first contention on the cross-appeal is that plaintiffs' suit is barred by the doctrine of res judicata. Defendants invoke the doctrine on the basis of Valencia County Cause No. 10692.

In that suit eight of the present plaintiffs sued the defendants in this action. Their complaint sought an order restraining defendants from their alleged acts of violence and from interfering with "plaintiffs' and their fellow employees' pursuit of their employment." Before any answer was filed, the parties stipulated:

"* * * [T]hat the above entitled matter shall be dismissed, inasmuch as all matters in controversy, as set forth in the pleadings, have now been fully settled."

Based on this stipulation, the trial court dismissed the action.

■ The doctrine of res judicata is not applicable. Section 21–1–1(41) (a), N.M.S.A.1953, is controlling. If the complaint in the Valencia County case was a class action, so that § 21–1–1(23) (c), N.M.S.A. 1953, was applicable, the dismissal was in accordance therewith. The order of dismissal did not specify in what manner the action was dismissed; accordingly, the dismissal was without prejudice. Section 21–1–1(41) (a) (2), N.M.S.A.1953. Being dismissed without prejudice, the Valencia County cause is not a bar to this action. 50 C.J.S. Judgments § 635.

■ If the complaint in the Valencia County case was not a class action, then the stipulation effectively dismissed the case. It was a voluntary dismissal. "A voluntary dismissal is as if the suit had never been brought." McCuistion v. McCuistion, 73 N.M. 27, 385 P.2d 357. Thus, there is no prior suit to which res judicata could be applied.

The second contention on the cross-appeal applies only to the defendant unions. They assert the trial court correctly dismissed the amended complaint as to them. Their contention is that § 59–13–2(B), N.M.S.A.1953, does not apply to them. This section makes it unlawful "for any person individually or in concert with others" to commit certain acts. Subsection B does not expressly refer to labor organizations. Defendants assert that an express reference to labor organizations in § 59–13–2(A),

N.M.S.A.1953, indicates that such organizations were not included in Subsection B. Plaintiffs contend that labor organization is included within the meaning of the word "person." Neither "person" nor "labor organization" is defined by the statute.

■■■■ The statute is to be read and given effect as written. Burch v. Foy, 62 N.M. 219, 308 P.2d 199. Words used in a statute are to be given their ordinary and usual meaning unless a different intent is clearly indicated. State ex rel. State Highway Commission v. Marquez, 67 N.M. 353, 355 P.2d 287.

Webster's Third New International Dictionary defines "person" both as an individual human being and as "a body of persons, or a corporation, partnership, or other legal entity that is recognized by law as the subject of rights and duties." State ex rel. Northwestern Colonization & Improvement Co. of Chihuahua v. Huller, 23 N.M. 306, 168 P. 528, 1 A.L.R. 170, states that:

"The word 'person' is a generic term of comprehensive nature, embracing natural and artificial persons, * * *."

■■■■ "Person" being inclusive, rather than exclusive, and its meaning including bodies of persons as well as individuals, the union defendants are subject to § 59–13–2(B), N.M.S.A.1953.

The third contention on cross-appeal is that the amended complaint was properly dismissed because it failed to contain necessary allegations of agency and was insufficient as a class action.

The plaintiffs allege that the acts of defendants of which they complain were done individually and as agents of the two union defendants. Further, it is alleged that the defendants, "their agents, members, officers, representatives and employees acting in conjunction with them" did the acts complained of.

■■■■ The amended complaint alleges that the acts complained of were done by the defendants and by their agents. The pleading was sufficient to give defendants "a fair idea of what the plaintiff is complaining." Kisella v. Dunn, 58 N.M. 695, 275 P.2d 181. No distinct forms are necessary to state a claim. Madrid v. Spears, 250 F.2d 51 (10th Cir. 1957). The allegations of agency are sufficient to withstand a motion to dismiss.

The allegations of a class action closely follow the wording of § 21–1–1(23) (a), N.M.S.A.1953. The individual defendants are sued both as individuals and as representatives of a class. The allegations as to "class" are not clear. We will consider that the "class" was meant to be (1) the unions and (2) the members of the unions. The challenge to the sufficiency of this pleading is that the amended complaint is deficient in its allegations as to a class.

To the extent that this pleading is for the purpose of suing the unions, it is surplusage. Section 51–18–5.1, N.M.S.A. 1953, provides that unincorporated associations may be sued in their own name. The union defendants are sued as unincorporated labor organizations. Being sued in their own name, no allegations of a class action were necessary to make them defendants in this action.

To the extent that the pleading is for the purpose of making the individual members of the union defendants in this cause, the facts alleged in the complaint are insufficient. As stated in 3 Moore, Federal Practice § 23.06 at 3423 (2d ed. 1964):

"An action, of course, is not a class suit merely because it is designated as such in the pleadings; whether it is or is not depends upon the attending facts. * * *"

An essential prerequisite to a class suit is the existence of a "class." The class alleged is the members of the union. The facts alleged which give jurisdiction to the New Mexico courts and on which any award of damages must be based, are violence and threats of violence. It might be possible for persons committing such acts to constitute a "class," but such is not alleged.

Nor is it alleged that the individual union members, as a class, authorized or participated in the violent conduct on which liability, if any, must be based. As stated in 31 Am.Jur. Labor, § 138:

"Members of labor unions are not subject to civil liability for the acts of the union or its officers as such, unless it is shown that they personally authorized or participated in the particular acts, and the liability of a member of a labor union for the wrongful acts of his associates done without his knowledge or approval is not to be inferred from mere membership in the union. * * *" See United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542, 152 A.L.R. 1202; Sweetman v. Barrows, 263 Mass. 349, 161 N.E. 272, 62 A.L.R. 311.

The amended complaint is insufficient as a class action against members of the union.

The order of dismissal is reversed. The cause is remanded to the trial court with instructions to set aside its order of dismissal and reinstate the amended complaint on the docket of the court.

It is so ordered.

CHAVEZ and COMPTON, JJ., and LaFEL E. OMAN, J., Court of Appeals, concur.

MOISE, Justice (concurring in part and dissenting in part).

I find myself in disagreement with the disposition in the opinion of the majority of cross-appellants' second point to the effect that § 59–13–2(B), N.M.S.A.1953, does not apply to the unions.

As stated by the majority, rules of statutory construction require that statutes are to be read and given effect as written. Also, words used in statutes should be given their ordinary and usual meaning unless something different is clearly intended. After stating the rules, I do not understand the facility with which the majority concludes that the "usual and ordinary" meaning of "persons" includes "labor organizations." The fact that "person" was held to include "natural and artificial persons, such as corporations" in the statute being interpreted in State ex rel. Northwestern Colonization & Improvement Co. of Chihuahua v. Huller, 23 N.M. 306, 168 P. 528, 1 A.L.R. 170, is to my mind extremely feeble and shaky support for the conclusion here announced.

When § 59–13–2(B), N.M.S.A.1953, which makes it unlawful for "any person individually or in concert with others" to do certain acts, is read with § 59–13–2(A), N.M.S.A.1953, which makes unlawful certain acts of "labor organizations or its representatives," and with § 59–13–2(D), N.M.S.A.1953, which refers to "person or persons," it seems amply clear to me that the legislature did not intend to include "labor organizations" within the term "person." If it had intended to do so, how simple it would have been to have made § 59–13–2(B), supra, read: "It shall be unlawful in connection with any labor dispute *for any labor organization or its representative or for any person individually or in concert with others to hinder * * *.*" Having failed to do so under the circumstances here present, it is quite evident that "labor organizations" were purposely omitted from § 59–13–2(B), supra. The omission was not through oversight or inadvertence. Neither was it because they were intended to be included under the general term "person." Oft-repeated rules of statutory construction dictate a result contrary to that announced by the majority. See 2 Sutherland, Statutory Construction, §§ 4907 to 4911, inclusive; 50 Am.Jur. 261, Statutes, § 274; Sandack v. Tamme (C.A. 10), 182 F.2d 759; and a particularly lucid statement and application of the rule in Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769, 786. This court has also recognized and applied the rule. See Allen v. McClellan, 75 N.M. 400, 402, 405 P.2d 405; Reed v. Styron, 69 N.M. 262, 269, 365 P.2d 912; State ex rel. Murphy v. Morley, 63 N.M. 267, 270, 317 P.2d 317.

I agree with the treatment and disposition of the appeal and cross-appeal, except as set forth above. I would reverse the trial court except as to its ruling that the claim against the unions based upon alleged violation by them of § 59–13–2(B), N.M.S.A. 1953, and as to that, the dismissal should be affirmed. I respectfully dissent from the opinion of the court insofar as it reverses the trial court on this point.