IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMCA-041

Filing Date: March 21, 2011

Docket No. 29,376

BARBARA WAGGONER, FLOYD EUGENE
WAGGONER, JAMES H. TOOLEY, ANGELA
TOOLEY, JAMES POE, NOVA POE, GREGORY
E. JOHNSON, PATRICIA JOHNSON, JOHNATHON
BOLDT, SITA BOLDT, DENNIS MUNCRIEF,
MARILYN MUNCRIEF, TONY SMITH, GLEN
WILKINS, CHERIE BLACK, JAMES BAUGH,
MARY BAUGH, JAMES R. DICKERSON, MICK
VASKOV, LYNDA VASKOV, ALDON PIERCE,
CARMEN PIERCE, ROBERT H. THUNE, JANET
THUNE, JOSEPH LEE, JUNE LEE, and CHARLES
M. ANDREWS,

        Plaintiffs-Appellants,

v.

THE TOWN OF MESILLA, NEW MEXICO;
THE BOARD OF TRUSTEES OF THE TOWN
OF MESILLA, NEW MEXICO; and MICHAEL
CADENA, MAYOR OF THE TOWN OF MESILLA,
NEW MEXICO,

        Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Jerald A. Valentine, District Judge

Sutin, Thayer & Browne, P.C.
Kerry Kiernan
Albuquerque, NM

Scott Hulse, PC
Robert R. Feuille
El Paso, TX

1

for Appellants

Cervantes Law Firm, P.C.
K. Joseph Cervantes
Las Cruces, NM

L. Helen Bennett
Albuquerque, NM

for Appellees

## OPINION

**CASTILLO, Chief Judge.**

**{1}**     In this case, we examine whether an annexation by the petition method was carried out in accord with the procedural requirements of NMSA 1978, Section 3-7-17.1 (2003). We hold that it was not and conclude that the annexation was invalid.

## I.     BACKGROUND

**{2}**     In 2007, a number of individuals owning property contiguous to the boundaries of the Town of Mesilla (Mesilla) approached the Mesilla Board of Trustees (BOT) and expressed an interest in annexation.   Mesilla was receptive to the property owner's inquiries—Mesilla's 2004 comprehensive plan contemplated annexation of this territory. Mesilla provided the property owners with assistance in initiating an annexation through the petition method.

**{3}**     The property owners' and Mesilla's efforts came to a successful conclusion in December 2007 when Mesilla voted to adopt Mesilla, N.M., Ordinance 2007-13 (2007) approving the annexation of approximately 788 acres contiguous to the then existing municipal boundaries of Mesilla.   This outcome did not, however, please all interested parties.

**{4}**     Barbara Waggoner and several other individuals (collectively, Waggoner) who either own land within the annexed territory or are otherwise interested parties  opposed the annexation.   In March 2008, after Ordinance 2007-13 had passed, Waggoner filed a complaint in district court requesting that the court overturn the annexation ordinance and/or enter judgment declaring the annexation ordinance to be illegal.

**{5}**     In January 2009, the district court dismissed Waggoner's complaint and concluded that Mesilla "acted legally and constitutionally when it adopted Ordinance 2007-13." Waggoner appeals this decision.

## II.  DISCUSSION

**{6}**     On appeal, Waggoner asserts that Ordinance 2007-13 is void and asks us to reverse the district court and remand with instructions to enter an order invalidating the annexation. Waggoner makes five claims in support of this request.  Three of her claims share a single premise:  that the annexation was not carried out in accordance with the procedural mandates of Section 3-7-17.1, which governs annexations by petition in Class A counties. Both parties agree this statute is controlling here.  Waggoner specifically argues that the annexation was not carried out in compliance with Section 3-7-17.1(B)(2).  We are persuaded by this argument and, on this ground alone, conclude that the annexation is invalid.  *See State ex rel. State Highway & Transp. Dep't v. City of Sunland Park*, 1999-NMCA-143, ¶ 27, 128 N.M. 371, 993 P.2d 85 (setting aside an annexation on grounds that it was not carried out in compliance with the governing annexation statutes).  Accordingly, we need not address Waggoner's other arguments.  We begin, however, by reviewing the language of the statute and our standard of review.

**{7}**     Section 3-7-17.1 provides the following:

>       A.       A petition seeking the annexation of territory contiguous to a municipality . . . shall be presented to the city council and be accompanied by a map that shows the external boundary of the territory proposed to be annexed and the relationship of the territory proposed to be annexed to the existing boundary of the municipality.

>       B.       If the petition is signed by the owners of a majority of the number of acres in the contiguous territory:

>             (1)       the city council shall submit the petition to the board of county commissioners of the county in which the municipality is located for its review and comment.  Any comments shall be submitted by the board of county commissioners to the city council within thirty days of receipt; and

>             (2)       not less than thirty days nor more than sixty days after receiving the petition, the city council shall by ordinance approve or disapprove the annexation after considering any comments submitted by the board of county commissioners.

**{8}**     "Our review of the annexation ordinance is limited to consideration of whether it was enacted in accordance with the governing statute."  *City of Sunland Park*, 1999-NMCA-143, ¶ 17.  To the extent this requires us to interpret Section 3-7-17.1, our review is de novo. *Santa Fe County Bd. of Cnty. Comm'rs v. Town of Edgewood*, 2004-NMCA-111, ¶ 4, 136 N.M. 301, 97 P.3d 633.  In construing the language of Section 3-7-17.1, our "guiding principle is to give effect to the intent of the [L]egislature" and, in doing so, we "employ the 'plain meaning rule' to determine if the language unambiguously sets forth the legislative intent." *Town of Edgewood*, 2004-NMCA-111, ¶ 5.  Where the language of Section 3-7-17.1 "is clear and explicit, the annexation must be exercised in the circumstances and the manner

3

prescribed in the statute." *City of Sunland Park*, 1999-NMCA-143, ¶ 21 (internal quotation marks and citation omitted).

{9}     As noted, Waggoner asserts that the process which led to the annexation of the 788 acres did not comport with Section 3-7-17.1, and specifically Section 3-7-17.1(B)(2). Waggoner claims that, under this specific provision, Mesilla was required to approve Ordinance 2007-13 within thirty to sixty days after it first received the petition from the petitioners but failed to do so. The facts underlying this claim are undisputed.

{10}    Mesilla generated and circulated a petition form that land owners who were supportive of the annexation signed. Sixty-five signed copies of this form are included in the record proper. On October 9, 2007, all of the signed forms were submitted to the BOT, together with a map prepared by an employee of Mesilla. Mesilla mailed the petition forms and the map to the Doña Ana County commissioners (the County) on October 10, 2007. The petition proposed annexation of approximately 739 acres. The County, in a letter mailed on October 23, 2007, which Mesilla received on November 1, 2007, proposed that Mesilla annex roughly 2,200 acres. Mesilla passed Ordinance 2007-13 on December 26, 2007, and annexed 788 acres.

{11}    The pertinent portions of Section 3-7-17.1(B)(2) provide that "not less than thirty days nor more than sixty days after receiving the petition, the city council shall by ordinance approve or disapprove the annexation." The parties disagree about the meaning of the term "after receiving the petition." According to Waggoner, this term refers to the date the BOT first received the petitions from the petitioners, on October 9, 2007. Mesilla counters that this term refers to the date it received the petitions back from the County with the County's comments; this occurred on November 1, 2007. As noted, the ordinance was passed on December 26, 2007. This date is beyond the thirty- to sixty-day window if the triggering date is October 9, 2007, as Waggoner argues, but is within that window if the triggering date is November 1, 2007, as Mesilla argues.

{12}    We agree with Waggoner's reading of the statute. First, Waggoner's interpretation is supported by the plain language of Section 3-7-17.1(B)(2). "The text of a statute or rule is the primary, essential source of its meaning." NMSA 1978, § 12-2A-19 (1997). Unless an intent to do otherwise is clearly manifested, a statute is to be read and given effect as written and words used in that statute are to be given their ordinary and usual meanings. *Gonzales v. Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO*, 77 N.M. 61, 68, 419 P.2d 257, 262 (1966). We interpret the words "after receiving the petition" to mean, as these words plainly mean, the date Mesilla received the petition. Mesilla received the petition from the petitioners on October 9, 2007. Second, Mesilla's interpretation necessarily requires us to read words into the statute that are not present. The argument in Mesilla's answer brief illustrates this point. There, Mesilla wrote the following: "Mesilla . . . interpreted this language as requiring action within [sixty] days from receiving the petition back from the County." The words "back from the County" are not in the statute. Third, although Mesilla was required to submit the petition to the County, the statute does not require the County to respond. Rather, the County merely has the option of responding with comments. Accordingly, it makes little sense to connect the term "after receiving the

4

petition" with the County. If we interpret the term "after receiving the petition" as Mesilla suggests, it is possible that in future cases, where a county chooses not to respond, the timing provision would effectively be nullified.

**{13}** For these reasons, we conclude that the term "after receiving the petition" refers to the date when Mesilla first received the petition from the petitioners on October 9, 2007. Accordingly, Mesilla was required to approve or disapprove the annexation by ordinance no later than December 8, 2007, sixty days later. Mesilla failed to do so, and this procedural error renders the annexation invalid. *See City of Sunland Park*, 1999-NMCA-143, ¶ 27.

**{14}** Throughout its answer brief, Mesilla relies on the principle of substantial compliance and argues that any procedural defects it may have committed should be overlooked because, Mesilla claims, it substantially complied with the requirements of Section 3-7-17.1. Though our Supreme Court has previously relied on this doctrine to uphold a challenged annexation by petition, we do not agree the doctrine is applicable here.

**{15}** In *Hughes v. City of Carlsbad*, 53 N.M. 150, 152, 203 P.2d 995, 996 (1949), some two hundred individuals as plaintiffs brought suit to enjoin the City of Carlsbad from annexing land. As in the present case, the annexation was by petition, but under a 1941 annexation statute. *Id.* Like Waggoner, the plaintiffs in *Hughes* claimed that the annexation proceedings were defective. *Id.* at 157-58, 203 P.2d at 999-1000. The plaintiffs pointed out that the petitioners were statutorily required to have submitted both a plat and a survey and, yet, it was undisputed that only a plat had been submitted. *Id.* at 157, 203 P.2d at 999. Our Supreme Court responded that "a plat represents an ocular view of the result of a survey—a visual demonstration of the work done" and concluded that "it would sacrifice substance to form to say there had not been substantial compliance with the statutory requirement." *Id.* at 158, 203 P.2d at 1000.

**{16}** The present matter is distinguishable from *Hughes*. There, the petitioners complied with the substantive portions of the statute, and it was debatable whether the petition was truly defective in light of the fact that a plat necessarily involved a survey. Here, Mesilla failed to comply with a substantive provision of Section 3-7-17.1. The doctrine of substantial compliance is inapplicable.

## III.     CONCLUSION

**{17}** Mesilla failed to approve the annexation by ordinance within sixty days after first receiving the petition as is required under Section 3-7-17.1(B)(2). The doctrine of substantial compliance is inapplicable here. We hold that the annexation is invalid. We need not address Waggoner's other arguments on appeal. The district court's order upholding the annexation is reversed. This matter is remanded for further proceedings consistent with this opinion.

**{18}     IT IS SO ORDERED.**

5

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**LINDA M. VANZI, Judge**

**Topic Index for _Waggoner v. Town of Mesilla_, Docket No. 29,376**

| | |
|---|---|
| **GV** | **GOVERNMENT** |
| GV-AN | Annexation |
| GV-MU | Municipalities |