### UNITED STATES v. FAR EAST CONFERENCE et al.
### Civ. No. 11546.

United States District Court
T. D. New Jersey.
Jan. 18, 1951.

J. Howard McGrath, Atty. Gen., Paul
D. Page, Jr., Solicitor, U. S. Maritime
Commission, Washington, D. C., for United
States.

Stryker, Tams & Horner, Newark, N. J.,
for defendant Ishmian SS Co.

Milton, McNulty & Augelli, Jersey City,
N. J., for all other defendants.

SMITH, District Judge.

This is a civil action for injunctive relief under Section 4 of the Sherman Act, 15 U.S.C.A. § 4. The defendants are the Far East Conference, a voluntary association of common carriers by water engaged in foreign trade, and the members of the association. The complaint, following a common pattern, charges that the defendants are "engaged in an unlawful combination and conspiracy in restraint of trade and commerce of the United States with foreign nations in the transportation of property in the outbound Far East trade," in violation of Section 1 of the Act, 15 U.S.C.A. § 1. The defendants, except the Isthmian Steamship Company, have filed a joint answer; the Isthmian Steamship Company has filed a separate answer.

The action is before the Court at this time on two motions: first, a motion for judgment on the pleadings, filed by the plaintiff pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and second, a motion to dismiss the action, filed by the defendants pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. We shall restrict this opinion

to a discussion of the questions raised by the latter motion, in support of which there are two grounds urged: the lack of jurisdiction in the court, and the failure of the complaint to state a claim upon which relief can be granted. It should be noted that a similar motion has been filed by the United States Maritime Commission,[1] hereinafter identified as the Commission, which has been granted leave to intervene.

The jurisdiction of this Court is defined with particularity by Section 4 of the Sherman Act, 15 U.S.C.A. § 4, which provides: "The several district courts of the United States are invested with jurisdiction to *prevent and restrain* violations of sections 1–7 and 15 of this title." (Emphasis by the Court.) It should be noted that this section not only vests the district courts with equity jurisdiction but also imposes upon "the several district attorneys of the United States, in their respective districts, under the direction of the Attorney General," the duty "to institute proceedings in equity to prevent and restrain such violations." The language of the statute is free from ambiguity and there can be no doubt as to either the right of the United States to maintain suits under the antitrust laws or the jurisdiction of this court to entertain them.

■■ The defendants do not deny that the allegations of the complaint are sufficient to charge violations of Section 1 of the Sherman Act. They argue that notwithstanding the express provisions of Section 4 of the said Act, supra, the exclusive primary jurisdiction of the present controversy is in the Commission under the Shipping Act of 1916, 46 U.S.C.A. §§ 801–842. We cannot agree. The latter Act is a comprehensive measure which vests in the Commission plenary authority to regulate common carriers by water engaged in foreign commerce, but even this authority is subject to the limitations prescribed by the Act. The mere fact that the shipping industry is subject to governmental regulation does not wholly exempt those engaged in it from the provisions of the Sherman Act. Georgia v. Pennsylvania Railroad Co., 324 U.S. 439, 456, 65 S.Ct. 716, 89 L.Ed. 1051; see also United States Alkali Ass'n v. United States, 325 U.S. 196, 205, 206, et seq., 65 S.Ct. 1120, 89 L.Ed. 1554; United States v. Borden Co., 308 U.S. 188, 198, et seq., 60 S.Ct. 182, 84 L.Ed. 181; Keogh v. Chicago & N. W. Ry. Co., 260 U.S. 156, 161, et seq., 43 S.Ct. 47, 67 L.Ed. 183; United States v. Pacific & Arctic Co., 228 U.S. 87, 102, 105, 33 S.Ct. 443, 57 L.Ed. 742. The only exemption is that which is granted by a specific provision of the Shipping Act, but even this exemption may not be construed as a restriction on the jurisdiction of this court.

■ It is further argued that the conduct of the defendants and the practices in which they are concertedly engaged, here alleged to be in violation of the antitrust laws, are exempt under Section 15 of the Shipping Act, 46 U.S.C.A. § 814. (The pertinent provisions of the statute are quoted in the annexed appendix.) This argument is based upon the admitted fact that the "Conference Agreement," pursuant to which the Conference was organized and under which its members have adopted a uniform system of dual rates, was approved by the Commission's predecessor, the Shipping Board, and conforms to the requirements of the said section. We concede that the Conference Agreement, having been approved by the Shipping Board, may be within the purview of the statutory exemption, but it does not follow that all conduct of the defendants and the practices in which they may be concertedly engaged are exempt from the provisions of Section 1 of the Sherman Act. See the cases hereinabove cited.

The defendants apparently misconceive the scope of the exemption granted them by Section 15 of the Shipping Act. This section vests in the Commission a limited

---

1. The functions of the United States Maritime Commission have been transferred to the Federal Maritime Board pursuant to the provisions of the Reorganization Act of 1949, 5 U.S.C.A. §§ 133z to 133z—15, and Reorganization Plan No. 21 of 1950, 5 U.S.C.A. following section 133z —15.

authority to approve only certain agreements [2] to which *common carriers* by water, or other *persons subject to the act,* are parties and combinations organized pursuant thereto, agreements and combinations which might otherwise be illegal under Section 1 of the Sherman Act. (Emphasis by the Court). The exemption is conterminous with this limited authority and extends only to agreements lawful under the section. The exemption does not extend to other agreements and combinations not clearly within its purview, agreements and combinations which may violate Section 1 of the Sherman Act.

■ The defendants likewise misconceive the effect of the specific immunity granted by the statute. They construe the exemptive provision, read in the light of the other provisions of the section, as a limitation on the jurisdiction of the court. We cannot adopt this construction. The exemptive provision makes available to the defendants a legal defense not otherwise available, but it does not curtail the authority vested in this court by the specific provisions of Section 4 of the Sherman Act, United States v. Borden Co., supra, 308 U.S. 201, 60 S.Ct. 182. The provisions of the Shipping Act, considered in the light most favorable to the defendants, may not be interpreted as an implied repeal pro tanto of the jurisdictional provisions of the Sherman Act. It is well established that repeals by implication are not favored. United States Alkali Ass'n v. United States, supra, 325 U.S. 209, 65 S.Ct. 1120; United States v. Borden Co., supra, 308 U.S. 198, et seq., 60 S.Ct. 182.

■ The second ground urged in support of the motion, to wit, failure of the complaint to state a claim upon which relief can be granted, is predicated substantially on the arguments hereinabove discussed. The defendants challenge the right of the United States to maintain this action, and for the same reasons urged in support of their attack upon the jurisdiction of the court. These arguments are without merit. The right of the United States to maintain this action, like the jurisdiction of this court, is derived from Section 4 of the Sherman Act. The exemption granted by Section 15 of the Shipping Act may be interposed as a substantive defense but it may not be raised as a procedural bar to the right of the United States to prosecute this action.

■ It is urged, but not argued too strenuously, that the only remedy available to the United States is that accorded by the Shipping Act. We find no provision therein which grants to the United States either the right or the privilege to invoke the jurisdiction of the Commission. Section 22 of the Act, 46 U.S.C.A. § 821, reserves to "any person" a right to file "a sworn complaint setting forth any violation of" the Act, "and asking reparation for the injury, if any, caused thereby." The term "person" as therein used "includes corporations, partnerships, and associations, existing under or authorized by" law, but it does not include the United States. The term "person" does not "include the sovereign, and statutes employing it will ordinarily not be construed to do so." United States v. United Mine Workers, 330 U.S. 258, 275, 67 S.Ct. 677, 687, 91 L.Ed. 884; see also United States v. Cooper Corp., 312 U.S. 600, 604, et seq., 61 S.Ct. 742, 85 L.Ed. 1071. We find nothing in the Act which may be interpreted as a grant of a right, especially to the United States, to seek injunctive relief in a proceeding before the Commission.

The arguments advanced by the defendants suggest an irreconcilable conflict of jurisdiction, but we find no such conflict. We must concede that the Shipping Act vests in the Commission the authority to regulate common carriers by water and the power to enjoin obedience to its orders and compliance with the statutory provisions. The Sherman Act, however, is equally comprehensive and vests in the district courts plenary jurisdiction to en-

2. Agreements "fixing or regulating transportation rates or fares; giving or receiving special rates, accommodations, or other special privileges or advantages; * * *." (See Appendix.)

force its provisions by injunction, a power not vested in the Commission. We find no provision in either statute which may be construed as an explicit limitation on either the right of the United States to maintain this action or the jurisdiction of this court to entertain it.

The defendants rely primarily on the case of United States Navigation Co. v. Cunard Steamship Co. et al., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408, a case which is distinguishable from the present action. Therein a common carrier by water, aggrieved by practices in which other carriers were concertedly engaged, brought suit for injunctive relief under Section 16 of the Clayton Act, 15 U.S.C.A. § 26. The complaint admittedly charged violations of Section 1 of the Sherman Act. The Supreme Court held: "A comparison of the enumeration of wrongs charged in the bill with the provisions of the sections of the Shipping Act above outlined conclusively shows, without going into detail, that the allegations either constitute direct and basic charges of violations of these provisions or are so interrelated with such charges as to be, in effect, a component part of them; and the remedy is that afforded by the Shipping Act, which to that extent supersedes the anti-trust laws." An examination of the decision discloses that this conclusion was based upon the determination that the private litigant had not only an enforceable right under the Shipping Act but an adequate remedy; the right and the remedy are discussed by the Court at length 284 U.S. on pages 483 and 484, 52 S.Ct. 247, 251 of the opinion.

■ We find no provision in the Shipping Act which gives to the United States a similar right or remedy. We are informed by counsel for the Commission that the United States has been permitted to intervene in proceedings before the Commission, but even he does not suggest that this intervention was anything but permissive. It is our opinion that the provisions of the Sherman Act may be enforced by the United States only in the manner prescribed by that Act. There seems to be no other statutory remedy.

The motion to dismiss the complaint will be denied.

Motion for Judgment on the Pleadings

The motion for judgment on the pleadings must be denied. It is our opinion that the present record will not support a determination that there is no genuine issue as to any of the material facts, a determination essential to the entry of judgment. The answers filed by the defendants raise issues of law and fact which should be decided only after a trial of the action on the merits. It is our opinion, however, that the case can be expeditiously tried on a stipulation of facts, and we recommend this procedure to the litigants. The parties may reserve the right to offer such evidence as may be necessary to complete the record thus made.

Appendix

"Every common carrier by water, or other person subject to this chapter, shall file immediately with the commission a true copy, or, if oral, a true and complete memorandum, of every agreement, with another such carrier or other person subject to this chapter, or modification or cancellation thereof, to which it may be a party or conform in whole or in part, fixing or regulating transportation rates or fares; giving or receiving special rates, accommodations, or other special privileges or advantages; controlling, regulating, preventing, or destroying competition; pooling or apportioning earnings, losses, or traffic; allotting ports or restricting or otherwise regulating the number and character of sailings between ports; limiting or regulating in any way the volume or character of freight or passenger traffic to be carried; or in any manner providing for an exclusive, preferential. or cooperative working arrangement. The term 'agreement' in this section includes understandings, conferences, and other arrangements.

"The commission may by order disapprove, cancel, or modify any agreement, or any modification or cancellation thereof, whether or not previously approved by it, that it finds to be unjustly discriminatory or unfair as between carriers, ship-

pers, exporters, importers, or ports, or between exporters from the United States and their foreign competitors or to operate to the detriment of the commerce of the United States, or to be in violation of this chapter, and shall approve all other agreements, modifications, or cancellations.

"Agreements existing at the time of the organization of the commission shall be lawful until disapproved by the commission. It shall be unlawful to carry out any agreement or any portion thereof disapproved by the commission.

"All agreements, modifications, or cancellations made after the organization of the commission shall be lawful only when and as long as approved by the commission, and before approval or after disapproval it shall be unlawful to carry out in whole or in part, directly or indirectly, any such agreement, modification, or cancellation.

"Every agreement, modification, or cancellation lawful under this section shall be excepted from the provisions of sections 1–11 and 15 of Title 15, and amendments and Acts supplementary thereto." 46 U.S.C.A. § 814.