McLAUGHLIN, Estate of, In re.

Probate Court, Noble County.

No. 6299. Decided December 12, 1960.

*Mr. John J. Lokos,* for Department of Taxation.
*Mr. Thomas S. Shattenfield,* for Department of Justice.

162

 

*Messrs. Young & Young*, for executor.
*Mr. John W. Hazard*, for heirs.

*Exceptions to Inheritance Tax Determination*

McGINNIS, J. On January 24, 1959, the will of the testator was filed in this court and admitted to Probate on February 24, 1959.

The terms of said will, after some minor bequests, provided that "all the rest and residue of my property I give, devise and bequeath unto the U. S. Government, to be theirs in fee simple."

On March 29, 1960, an application for determination of inheritance tax was filed in this court setting out a succession of $37,092.21 to the United States of America. On March 30, 1960, an entry was journalized in this court finding the property subject to tax to be $37,092.21, and that no tax was due from the United States of America.

To this finding exceptions were filed on April 7, 1960, by the Department of Taxation of the state of Ohio citing error in not assessing inheritance tax on said succession.

At the hearing on October 10, 1960, the Department of Taxation of Ohio was represented by the Attorney General, appearing Atty. John J. Lokos, and the United States Government was represented by the United States Attorney for the Department of Justice, appearing Atty. Thomas S. Shattenfield, who presented their arguments followed by filing of briefs. The briefs are very comprehensive in that they include decisions from states from coast to coast as well as federal cases. However, few decisions if any, are directly on the question considered under a statute like that of Ohio.

The inheritance tax law of this state (Section 5731.02, Revised Code), provides that "A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation,—"

## THE ISSUE IN THIS CASE

Is a bequest and devise to the United States Government taxable under Ohio's Inheritance Tax law?

In the Ohio case of *Troutman* v. *Eicher* (64 Ohio App., 415), the court found "no ground to justify an extension of the ordinary meaning of the words used and that the words 'person' or 'corporation' do not in their ordinary signification mean a sovereign government" and therefore the United States was not exempted as a person, partnership or corporation under the exemption laws.—The words "person" or "corporation" do not in their ordinary signification mean a sovereign government.

While in the case of *Ohio* v. *Helvering, Commissioner of Internal Revenue* (292 U. S., 360), it was held "that the Government is a corporation in its most extensive signification. Likewise the word 'person' as used in a statute may occasionally be construed as meaning the United States, when such meaning is clearly called for by the connection in which the word 'Person' is used."

"In the unreported case of *Edgeter* v. *Kemper*, in the Montgomery County, Probate Court, discussed in the briefs of both parties hereto, it is argued that the decision was based on stipulations and therefore not the decision of the Court. It is indeed difficult to understand how the terms of a will can be construed by stipulations of the parties interested but the words of Judge Love, which this court readily endorses in that case are not affected by stipulations when he states that 'Having regard for the fact that the United States of America is the sovereign and bearing in mind the doctrine of separation of powers between the Federal Government and the State Governments, it would appear that the Federal Government is not included in the terms of the statute as a person, association or corporation'— accountable to the Probate Court. To reach a contrary conclusion would attribute to the General Assembly an intention that the Federal Government should be subject to the direction of the Probate Court, a principle which rejects itself upon statement."

"In the will of Fox (52 N. Y., 530), and *U. S.* v. *Fox* (94 U. S., 315), we find the word 'person' does not, in its ordinary legal signification, embrace a state or government, and therefore is

no ground to justify such an extension of its meaning in construing the statute relating to devises. The term 'person' as here used applied to natural persons, and also to artificial persons,— bodies politic, deriving their existence and powers from legislation,—but can not be so extended as to include within its meaning the Federal Government. It would require an express definition to the effect to give it a sense thus extended. The courts also held that the United States was not a corporation."

In the *California case of Burnison's Estate* (33 Cal. 2nd., 638 and aff. in 339 U. S., 87) the United States was declared to be neither a 'person' nor a 'corporation.' Although our famed and respected Justice John Marshall, who has done more to establish the powers of our highest court, than any other jurist declared that the United States was a body politic and corporate it is unlikely that he had in mind anything like our present day corporation.

Since our statute taxes persons, institutions and corporations can it go beyond this? Can a tax be levied by inference? This court thinks that the law means exactly what it says and that is what is meant in the case of *Cassidy* v. *Eilerhorst* (110 Ohio St., 535), which declares that such statutes should be strictly construed. How else could taxation laws be interpreted? The only break through is by attempting to attach new meaning to the words used.

Words are fine tools for the artisan having use for them. The word 'person' means a human being, flesh and blood. If the United States is a person, then what rate of taxation would apply to it if taxed? Is it a spouse, a brother or how ridiculous can we get? By no straining of the imagination could the word 'person' be other than a human being. A word is sometimes associated with phrases of doubtful meaning and courts have sometimes attached strange meanings to them but it is the phrase or the association which is in question. In other words, the Courts infer that the wrong word has been used for the reason that, considering the whole subject matter, the meaning is different from that which is actually stated but this does not place a new meaning on our words.

To hold otherwise would encumber our words with a hazy

detrimental mantle which would destroy their usefulness. Our words have a definite meaning, and like a fine tool they may be smeared and bogged down by offside interpretations and occasionally by woolgathering until they take on a desultory nature but this should not attach to the word, any more than tar or rust on the fine tool, but should retain its true metal and withdraw clean for its next usage. Otherwise we would have a breakdown of our language.

Our words would mean anything or nothing and the result would be a gradual destruction of our jurisprudence, so, however words may be used or interpreted, their original meaning is retained.

A corporation is an entity, created by our statutes, and while it is sometimes described as an artificial person, which, of course is non-existent (a term) used to impress the fact that it acts as an individual, which it does, it nevertheless is a creation. The word has been bandied about in ancient writings and even in decisions but has become definite in charters granted by a sovereign power to colonies, colleges and other institutions and by special legislation creating municipalities and finally by our more modern enactments setting out the means of organization which automatically form a corporation.

And since it is created by our laws it is reasonable to conclude that when our statute speaks of a corporation in its tax laws that it refers to the child of its own making or those similarly brought into being. To extend the meaning of this tax law further it might as well have said *to whom or whatever the succession goes* but apparently this was not meant for that would be little different from taxation of the estate.

The Ohio law does not impose a tax upon the estate nor upon the person, institution or corporation but upon the succession, which it declares is the passing of property in possession or enjoyment. It has been argued that the tax is upon all successions, regardless of its destination, however such succession draws its character from the recipient of said succession for it provides certain exemptions and rates of taxation differently from each.

It seems to this court that we should invoke the doctrine expounded in *Cassidy* v. *Eilerhorst*, above cited, that "the lan-

guage should not be extended, by implication, beyond its clear import.''

This court so holds and finds that no tax is due from the succession to the United States of America in this estate and the exceptions are dismissed.