·482 P.2d 913

**SOUTHERN UNION GAS COMPANY,**
Petitioner-Appellee,

v.

**NEW MEXICO PUBLIC SERVICE COM-
MISSION, Respondent,**

United States of America, Proposed
Intervenor-Appellant.

**No. 9171.**

Supreme Court of New Mexico.

March 22, 1971.

Victor R. Ortega, U. S. Atty., Stephen L. Reveal, Asst. U. S. Atty., Albuquerque, L. Patrick Gray, III, Asst. Atty. Gen., Robert V. Zener, Walter H. Fleischer, Dept. of Justice, Washington, D. C., for appellant.

Montgomery, Federici, Andrews, Hannahs & Morris, Seth D. Montgomery, Santa Fe, Strasburger, Price, Kelton, Martin & Unis, A. S. Grenier, Dallas, Tex., for appellee.

**OPINION**

TACKETT, Justice.

This action was brought in the District Court of Santa Fe County, New Mexico, by Southern Union Gas Company, designated "Company," requesting review of an order of the New Mexico Public Service Commission, designated "Commission," which denied Company's application for a rate increase. The appellant United States of America, designated "U.S.," sought to intervene as a party in support of the Commission's order. The U.S. appeals the order denying intervention. The district court did, however, allow the U.S. to appear as amicus curiae.

There are two questions before the court in the instant case: (1) Is the U.S. a "person" under § 68–3–2, N.M.S.A., (1953 Comp., 1969 Pocket Supp.)? (2) Did the court err in denying the motion of the U.S. to intervene? Both questions are answered in the negative.

Section 68-3-2(D), supra, reads as follows:

"'Person' means individuals, firms, partnerships, companies, rural electric co-operatives * * * corporations, and lessees, trustees or receivers appointed by any court whatsoever. It shall not mean any municipality as herein defined unless such municipality shall have elected to come within the terms of the Public Utility Act * * *. In the absence of such voluntary election by any municipality to come within the provisions of the Public Utility Act, as amended, such municipality shall be expressly excluded from the operation of said act, and from the operation of all its provisions, and no such municipality shall for any purpose be considered a public utility;"

■ With respect to the intervention question, this court is certainly in accord with the statement contained in Algonquin Gas Transmission Co. v. Federal Power Commission, 201 F.2d 334 (1st Cir. 1953), in which we find the following:

"The Court does not propose that our hearing and consideration of the limited issues above stated shall be bogged down by arguments on various motions for leave to intervene which have been submitted, and by oral arguments and briefs on behalf of the numerous would-be intervenors. We have decided to deny all the pending motions for leave to intervene, * * *."

United Gas Pipe Line Company v. Louisiana Public Service Commission, 241 La. 687, 130 So.2d 652 (1961), held:

"* * * that the interest required to authorize intervention must be a direct one by which the intervenor is to obtain immediate gain or suffer immediate loss by the judgment which may be rendered between the original parties. The interest must be closely connected with the object in dispute and founded on some right, lien, or claim, either conventional or legal. * * *"

We do not perceive the U.S. has such an interest in the case before us.

The U.S. cannot be considered a "person" as that word is used in the Civil Rights Act. Broome v. Simon, 255 F. Supp. 434 (W.D.La.1965). Neither is the U.S. a "person" under the Bankruptcy Act, nor under the Sherman Antitrust Act. See, United States v. Cooper Corporation, 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071 (1941). Also see, United States v. Far East Conference, 94 F.Supp. 900 (T.D.N.J.1951).

■ There are many statutes in which neither the U.S. nor States of the Union are considered as a "person." When the legislature has wanted to include sovereigns or other governmental bodies in its statutes, it has known how to do so. For example, see the following state statutes which have specifically included the U.S: Administrative Procedures Act, § 4-32-2(F), N.M.S.A., (1953 Comp., 1969 Pocket Supp.) "governmental subdivision or public or private organization of any character other than an agency;" Gross Receipts and Compensating Tax Act, § 72-16A-3(H) (2), N.M.S.A., (1953 Comp., 1969 Pocket Supp.) "the United States or any agency or instrumentality thereof, the state of New Mexico or any political subdivision thereof;" Human Rights Act, § 4-33-2(A), N.M.S.A., (1953 Comp., 1969 Pocket Supp.) "the state and all of its political subdivisions;" Rural Electric Co-operatives Act, § 45-4-31(B), N.M.S.A., (1953 Comp., 1969 Pocket Supp.) "federal agency, state or political subdivision or agency thereof or any body politic;" Uniform Disposition of Unclaimed Property Act, § 22-22-2(G), N.M.S.A., (1953 Comp., 1969 Pocket Supp.) "government or political subdivision, public corporation, public authority."

The case of Davis v. Pringle, 1 F.2d 860 (4th Cir. 1924), held:

"The failure to include the United States and the states in the definition could not have been inadvertent. The United States and the several states of the Union are not persons, and are not commonly thought of as persons, and if

it had been intended that 'persons' should have such a comprehensive and unusual meaning as to include them, the framers of the definition would have said so."

By the same token, the legislature, under § 68–3–2(D), supra, did not see fit to include or even mention the United States or governmental agencies. United States v. Biloxi Municipal School District, 219 F.Supp. 691 (S.D.Miss.1963).

Section 68–3–2(D), supra, has been re-enacted three times since 1941, the last time in 1967, and each re-enactment has resulted in a definition identical to the original. Thus, the legislature has had three opportunities to change definitional language and expand it, if it cared to do so.

■ The meaning of a statute is to be ascertained primarily from its terms and where they are plain and unambiguous, such as in § 68–3–2(D), supra, there is no room for construction. "Hence, the oft repeated maxim that 'a statute means what it says.'" Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464 (1950); Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965); State ex rel. Maloney v. Sierra, 82 N.M. 125, 477 P.2d 301 (1970).

"* * * 'the words "person or corporation" do not in their ordinary signification mean a sovereign government' * * *."

In Re McLaughlin's Estate, 174 N.E.2d 644 (Ohio Prob.1960). See also, In Re Shepard's Succession, 156 So.2d 287 (La.App. 1963).

■ Ordinarily, a person cannot appeal from a judgment unless he has a particular interest therein and is aggrieved or prejudiced thereby. His interest must be immediate and pecuniary. Ruidoso State Bank v. Brumlow, 81 N.M. 379, 467 P.2d 395 (1970).

"* * * The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation. * * *"

City of Milwaukee v. Public Service Commission, 11 Wis.2d 111, 104 N.W.2d 167 (1960). The U.S. was not aggrieved or prejudiced in the instant case as the Commission's order was in favor of the U.S.

■ The fact that the U.S. was allowed to intervene in the Commission's hearing does not necessarily give the U.S. standing to intervene in the judicial review. United Gas Pipe Line Company v. Louisiana Public Service Commission, supra.

The U.S. relies heavily on the cases of Cotton v. United States, 52 U.S. (11 Howard) 229, 13 L.Ed. 675 (1850), and United States v. Coumantaros, 165 F.Supp. 695 (D.Md.1958), in support of its contentions. These cases are easily distinguishable and do not afford the U.S. any comfort. We do, however, find in United States v. Coumantaros, supra, the following:

"* * * Whether the word "person" or "corporation" includes a State or the United States depends upon its legislative environment. * * *'"

Under § 68–3–2(D), supra, we do not have a favorable environment for the position of the U.S.

We do not observe a constitutional question as being involved in the instant case, therefore, further comment is unnecessary.

The decision of the lower court will be affirmed.

It is so ordered.

COMPTON, C. J., and McMANUS, J., concur.