531 P.2d 225

**Robert RAPP and Argonaut Insurance Company, a corporation, Plaintiffs-Appellants,**

v.

**NEW MEXICO STATE HIGHWAY DEPARTMENT, Defendant-Appellee.**

**No. 1526.**

Court of Appeals of New Mexico.

Jan. 8, 1975.

W. Booker Kelly, White, Koch, Kelly & McCarthy, Santa Fe, for plaintiffs-appellants.

James C. Ritchie, Jonathan W. Hewes, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendant-appellee.

OPINION

SUTIN, Judge.

Plaintiff appeals from a judgment for defendant because the trial court failed to give plaintiff's requested instruction on negligence per se.

The parties stipulated to the following:

That on or about September 20, 1969, the defendant, New Mexico State Highway Department, was engaged in maintenance or repair activities on U.S. High-

way 87 east of the City of Des Moines, in Union County, New Mexico. The work being done by defendant, New Mexico State Highway Department, required the blocking of the entire paved roadway and the construction of a detour around the paved roadway. On the night of September 20, 1969 at approximately 10:00 P.M. no work was actually in progress but defendant had barricaded the highway and erected certain warning signs and positioned certain lights at or near said barricade. At that time and place, plaintiff, Rapp, drove his truck into the construction area and received certain injuries when he failed to negotiate the detour.

The Trial Court determined that the adequacy of the warning signs and lights placed by defendant was a question for the jury and submitted the issue to the jury under appropriate instructions, including plaintiff's Requested Instruction No. 7. The Court's Instructions, including plaintiff's Requested Instruction No. 7, are attached as Exhibit "A".

The Court refused to give plaintiff's requested instruction attached hereto, marked Exhibit "B", on the sole ground that the New Mexico State Highway Department was not an entity named or contemplated under New Mexico Statute 55–7–1. The propriety of this refusal is plaintiff's sole point relied upon for reversal.

Section 55–7–1, N.M.S.A.1953 (Repl.Vol. 8, pt. 2) reads as follows:

Hereafter any person, firm, association, copartnership, contractor or corporation engaged in the alteration, repair or construction of any bridge, road or public highway in this state, shall maintain at all times proper danger signals, or lights, posted conspicuously at or near the place where such work, alteration, repair or construction is being done.

Section 55–7–2 reads as follows:

Any person found guilty of violating the provisions of this act [55–7–1, 55–7–2], shall be fined in a sum not less than $50.00, and shall be liable for the damages sustained to any person injured by reason of the failure to comply with the provisions of this act.

Was the New Mexico State Highway Department an entity named or contemplated under § 55–7–1? The answer is "no".

Under rules of statutory construction, "The word 'person' may be extended to firms, associations and corporations". Section 1–2–2(E), N.M.S.A.1953 (Repl. Vol. 1). Section 55–7–1 also includes "copartnership" and "contractor". The New Mexico State Highway Commission is a constitutional state agency composed of appointed members who "shall have such power and shall perform such duties as may be provided by law." N.M. Const. Art. V, § 14. The State Highway Commission is not a "firm, association, copartnership, contractor or corporation", within the meaning of § 55–7–1. It is not a "person" within the meaning of § 55–7–2.

We feel bound by Southern Union Gas Co. v. New Mexico Pub. Serv. Com'n, 82 N.M. 405, 406, 482 P.2d 913, 914 (1971), which states:

There are many statutes in which neither the U.S. nor States of the Union are considered as a "person." When the legislature has wanted to include sovereigns or other governmental bodies in its statutes, it has known how to do so. * * *

Plaintiff claims that if the "legislative environment" is considered, it shows that § 55–7–1, supra, includes the Highway Department. We disagree. At the time § 55–7–1, supra, was enacted in 1923, § 55–2–32, N.M.S.A.1953 (Repl. Vol. 8, pt. 2) required that all highway improvements costing more than $1,000 were to be awarded to private contractors. The legislative environment supports our holding that the Highway Department is not included within §§ 55–7–1 or 55–7–2, supra. Southern Union Gas Co. v. New Mexico Pub. Serv. Com'n, supra.

Affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.