898 P.2d 121

The TOWN OF MESILLA,
Plaintiff–Appellant,

v.

The CITY OF LAS CRUCES, Hal Singer and Jerry Hines, Defendants–Appellees.

No. 15812.

Court of Appeals of New Mexico.

May 9, 1995.

Certiorari Denied June 15, 1995.

Norman E. Todd, Las Cruces, for plaintiff-appellant.

Harry S. (Pete) Connelly, Deputy City Atty., Las Cruces, for defendant-appellee City of Las Cruces.

Lloyd O. Bates, Jr., Kyle W. Gesswein, Bates Law Firm, Las Cruces, for defendants-appellees Hal Singer and Jerry Hines.

## OPINION

WECHSLER, Judge.

Plaintiff, Town of Mesilla (Mesilla), in a petition for a writ of certiorari, asked the district court to review a zoning decision of Defendant City of Las Cruces (Las Cruces). Mesilla appeals the decision of the court dismissing the petition with prejudice. The issues presented are: (1) whether the issue of Mesilla's standing to challenge Las Cruces' zoning decision is properly before this Court; (2) whether Mesilla had standing to challenge Las Cruces' zoning decision as a "person aggrieved" within the meaning of NMSA 1978, Section 3–21–9(A) (Repl.1985); (3) whether Mesilla violated provisions of SCRA 1986, 1–065 (Repl.1992); (4) whether Mesilla improperly exercised extramural governmental powers; and (5) whether the district court abused its discretion in dismissing the petition for certiorari. We reverse.

### Facts

Mesilla alleged the following facts in its petition for certiorari: (1) Las Cruces, at the request of Defendants Hal Singer and Jerry Hines, rezoned several parcels of property within Las Cruces from agricultural use to residential and commercial use; (2) the rezoned property is contiguous to Mesilla; (3) Mesilla protested the zoning action both in writing and in an appearance before the Las Cruces City Council; and (4) Mesilla will suffer aesthetic and economic injury as a result of the zoning action. Mesilla contended that it has standing under Section 3–21–9 to seek review of Las Cruces' zoning decision. Mesilla also asserted that the rezoning was illegal because it was arbitrary and capricious and was contrary to Las Cruces' comprehensive plan, thus rendering it violative of NMSA 1978, Section 3–21–5 (Repl. 1985).

Las Cruces moved to dismiss the petition on the grounds that Mesilla lacked standing because it is not a "person" or "person aggrieved" within the meaning of Section 3–21–9 and that Mesilla could not exercise governmental powers outside its town limits. The district court granted the motion.

### Standard of Review

■ "In reviewing an order granting a motion to dismiss, we accept as true all facts properly pleaded." *Rummel v. Edgemont Realty Partners, Ltd.*, 116 N.M. 23, 25, 859 P.2d 491, 493 (Ct.App.), *cert. denied*, 115 N.M. 709, 858 P.2d 85 (1993). We consider only the law applicable to the claim without regard to the facts that support it. *Id.* We also note that granting a motion to dismiss is an extreme remedy that is infrequently used. *Id.*

### Discussion

I. *The Issue of Standing Is Properly Before This Court*

■ Las Cruces raises several questions about Mesilla's preservation of the issue of standing. However, standing is a jurisdictional question that "may be raised at any time during the pendency of a proceeding." *Webb v. Fox*, 105 N.M. 723, 725, 737 P.2d 82, 84 (Ct.App.1987). Therefore, the issue of standing is properly before us, and we need not address Las Cruces' preservation arguments.

II. *Mesilla Had Standing to Challenge the Zoning Decision as a "Person Aggrieved" Within the Meaning of Section 3–21–9(A)*

Mesilla argues that it has standing to sue Las Cruces because of its general power to

sue under NMSA 1978, Section 3–18–1 (Repl. 1985), and because it qualifies as a "person aggrieved" under Section 3–21–9(A). Las Cruces does not dispute Mesilla's general power to sue, but argues that Mesilla does not qualify as a "person aggrieved," and thus lacks standing in this case. Section 3–21–9(A) provides that: "Any person aggrieved by a decision of the zoning authority ... may present to the district court a petition ... setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality." The petition required under that subsection is for a writ of certiorari. Section 3–21–9(B).

Las Cruces contends that *Southern Union Gas Co. v. New Mexico Public Service Commission,* 82 N.M. 405, 482 P.2d 913 (1971), *overruled on other grounds by De Vargas Savings & Loan Ass'n v. Campbell,* 87 N.M. 469, 535 P.2d 1320 (1975), stands for the proposition that the definition of "person" excludes municipalities. While *Southern Union Gas Co.* does suggest that the word "person" does not include governmental bodies because a number of New Mexico statutes specifically mention them (and the statute before the Court did not), *id.* at 406, 482 P.2d at 914, the facts of that case are sharply distinguishable from those of the present case. In *Southern Union Gas Co.,* the United States sought to intervene to support a ratemaking order of the Public Service Commission. *Id.* at 405, 482 P.2d at 913. The Supreme Court interpreted the word "person" as used in the Public Utility Act, NMSA 1953, Section 68–3–2(D) (1969 Pocket Supp.), to exclude the United States. *Southern Union Gas Co.,* 82 N.M. at 406, 482 P.2d at 914. That particular statute was precise in its wording. It defined "person" to include "individuals, firms, partnerships, companies, rural electric co-operatives ... [and] corporations." Section 68–3–2(D). It specifically excluded municipalities unless they chose "to come within the terms of the Public Utility Act[.]" *Id.* On the other hand, the statutory provision under which Mesilla brings its petition, Section 3–21–9, does not define "person" at all.

The *Southern Union Gas Co.* Court did comment that "[w]hen the legislature has wanted to include sovereigns or other governmental bodies in its statutes, it has known how to do so." *Id.* at 406, 482 P.2d at 914. It is equally appropriate to point to Section 68–3–2(D) and argue that the legislature knows how to exclude municipalities from statutes when it wants. Furthermore, the comment of the *Southern Union Gas Co.* Court is dictum, and it is incorrect to infer from this language that New Mexico law generally excludes governmental entities from the ambit of the term "person."

■ Las Cruces asks us to conclude that because Section 3–21–9(A) is unambiguous, we should give effect to the statute's plain language. We believe that if the word "person" is unambiguous in the context of this statute, and we· do not assume that it is, it would include municipal corporations, unless they are specifically excluded. Even if the term is ambiguous, we believe that case law supports the notion that it should be inclusive rather than exclusive. In a case interpreting a statute in which the word "person" was not defined, we held that the word is meant to be "inclusive, rather than exclusive, and its meaning includ[es] bodies of persons as well as individuals." *Gonzales v. Oil, Chem. & Atomic Workers Int'l Union,* 77 N.M. 61, 68, 419 P.2d 257, 262 (1966). In addition, "corporation" would appear to include a municipal corporation. *See* § 3–18–1(E) (municipalities may exercise "privileges that are incident to corporations of like character or degree"). The Supreme Court also stated, in *Gonzales,* that " '[t]he word "person" is a generic term of comprehensive nature, embracing natural and artificial persons[.]' " *Gonzales,* 77 N.M. at 68, 419 P.2d at 262 (quoting *State ex rel. Northwestern Colonization & Improvement Co. v. Huller,* 23 N.M. 306, 319, 168 P. 528, 530 (1917), *cert. denied,* 246 U.S. 667, 38 S.Ct. 336, 62 L.Ed. 929 (1918)).

Other jurisdictions have considered municipalities to be persons for the purpose of challenging zoning decisions of neighboring municipalities. *Borough of Roselle Park v. Township of Union,* 113 N.J.Super. 87, 272 A.2d 762 (Law Div.1970), in holding that the plaintiff borough had standing to sue, pointed out that New Jersey statutes provide for

county and regional planning boards, "thus indicating [legislative] intention to extend planning beyond municipal lines." *Id.* 272 A.2d at 766. The New Mexico legislature has also provided for county and regional planning boards. NMSA 1978, §§ 4–57–1 to –3 (Repl.Pamp.1992); NMSA 1978, §§ 4–58–1 to –6 (Repl.Pamp.1992). In *Village of Barrington Hills v. Village of Hoffman Estates,* 81 Ill.2d 392, 43 Ill.Dec. 37, 410 N.E.2d 37 (1980), *cert. denied,* 449 U.S. 1126, 101 S.Ct. 943, 67 L.Ed.2d 112 (1981), the plaintiff village had standing to sue as a "person aggrieved," *id.* 43 Ill.Dec. at 39, 410 N.E.2d at 39, once it showed "that it would be substantially, directly and adversely affected in its corporate capacity" by the zoning decision of the defendant village. *Id.* 43 Ill.Dec. at 40, 410 N.E.2d at 40. *See also Township of River Vale v. Town of Orangetown,* 403 F.2d 684, 686 (2d Cir.1968) (a municipal corporation is a "person" for purposes of equal protection under the Fourteenth Amendment).

Because of the treatment of the word "person" by New Mexico courts and courts of other jurisdictions in the context of zoning challenges by neighboring municipalities, we hold that the meaning of "person" for purposes of Section 3–21–9(A) includes municipalities.

Mesilla asks us to read Section 3–21–9 *in pari materia* with Section 3–21–17, contending that there is no reason that the legislature would allow municipalities to sue special zoning districts but not municipal zoning authorities. Las Cruces, on the other hand, argues that the two sections are not sufficiently similar to warrant our reading them together. Because our decision to construe Section 3–21–9 is not based on a comparison of the two sections, we need not reach the question of whether it is appropriate to read these statutes together.

■ We next consider whether Mesilla has properly alleged that it is a "person aggrieved" within the meaning of Section 3–21–9. In its petition for writ of certiorari, Mesilla contends that it is "aggrieved" because it will suffer aesthetic and economic injury as a result of Las Cruces' rezoning decision. As recognized by the author in 8A Eugene McQuillin, *The Law of Municipal Corpora-*

*tions* § 25.292, at 540 (3d ed. rev. vol. 1994), a person is aggrieved if "specially and injuriously affected in property rights or other legal rights." In particular, "a municipality may have standing to challenge a zoning ordinance of another municipality upon a clear showing that it will be substantially, directly and adversely affected in its corporate capacity." *Id.* at 541.

■ Although there is a split of authority among courts in other jurisdictions which have considered this issue, *see* John J. Michalik, Annotation, *Standing of Municipal Corporation or Other Governmental Body to Attack Zoning of Land Lying Outside Its Borders,* 49 A.L.R.3d 1126 (1973 & Supp. July 1994), a showing of aesthetic, economic, and environmental harm has been held sufficient to render a person as aggrieved for the purposes of determining standing in New Mexico. *Campbell,* 87 N.M. at 472, 535 P.2d at 1323; *Ramirez v. City of Santa Fe,* 115 N.M. 417, 420–22, 852 P.2d 690, 693–95 (Ct. App.1993). Because Mesilla's petition alleges aesthetic and economic injury, it has properly alleged that it is a "person aggrieved" under Section 3–21–9. *See Rummel,* 116 N.M. at 25, 859 P.2d at 493 (in reviewing order granting motion to dismiss, court accepts all well-pleaded facts as true).

### III. *Las Cruces Failed to Preserve the Issue of Mesilla's Violations of SCRA 1–065*

■ Las Cruces contends that Mesilla failed to comply with SCRA 1–065(B), (C), (D), (E), and (H), which deal with the approval of, process of applying for, contents of, form of, and service of, writs issued by district courts. Nowhere in the record do we find that Las Cruces raised these alleged violations below. Las Cruces had the opportunity to do so when it moved to dismiss Mesilla's petition for certiorari. It did not include violations of SCRA 1–065 in either the motion or in its memoranda in support of the motion. Furthermore, the rule was not discussed by the parties in the hearing, and we have no reason to believe that the trial judge based his decision on violations of the rule. Because Las Cruces did not raise this issue in the district court, we need not reach

it. SCRA 1986, 12–216(A) (Cum.Supp.1994). With regard to the issue of service, even if Las Cruces did not waive service of process, SCRA 1–065(H) would not apply here, because it presumes issuance of the writ. SCRA 1–065(H) (requiring "[s]ervice of a copy of the writ"). The judge did not issue the requested writ of certiorari.

### IV. *Mesilla Is Not Attempting to Exercise Extramural Governmental Powers*

■ Las Cruces argues that Mesilla is attempting to exercise its police powers within Las Cruces' boundaries contrary to New Mexico law. We do not perceive Mesilla as seeking to assert governmental powers outside its boundaries. Instead, it is attempting to protect the quality of life within the Town of Mesilla by challenging a Las Cruces zoning decision as it is permitted to do under New Mexico law, assuming it can prove that it is aggrieved. Section 3–21–9(A).

### V. *District Court Abused Its Discretion in Dismissing Mesilla's Petition for Certiorari*

Las Cruces asked for a dismissal of Mesilla's petition for a writ of certiorari. The district court dismissed the petition with prejudice without giving a reason for doing so. We can assume that the district court adopted one or more of the following arguments that Las Cruces set forth in its memorandum in support of dismissal: (1) Mesilla is not a "person"; (2) Mesilla is not an "aggrieved person"; or (3) Mesilla has improperly attempted to exercise extramural powers.

■ We agree with Las Cruces that "[t]he granting of a writ of certiorari is within the sound discretion of the [trial] court." *Morris v. Apodaca,* 66 N.M. 421, 423, 349 P.2d 335, 337 (1960). **[AB 13]** In *Morris,* our Supreme Court reversed the district court's granting of such a writ because of abuse of discretion. *Id.* As discussed in Section II above, if the district court relied on the argument that Mesilla is not a "person" with standing to sue Las Cruces or the argument that Mesilla is not "aggrieved" because it lacks a direct pecuniary interest in the Las Cruces zoning decision, it erred on a point of law. Finally, there is no evidence supporting the allegation that Mesilla is attempting to exercise · extramural powers within the boundaries of Las Cruces other than the fact that Mesilla is challenging a Las Cruces zoning decision in accordance with New Mexico law. No matter on which of Las Cruces' arguments the district court relied, the court abused its discretion in dismissing the petition for a writ of certiorari.

### Conclusion

For the foregoing reasons, we reverse the district court's dismissal of Mesilla's petition for writ of certiorari and remand to the district court for a trial on the merits.

IT IS SO ORDERED.

DONNELLY and BUSTAMANTE, JJ., concur.