This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**UPSILON ONE, LLC,**

Plaintiff-Appellee,

v.                                                                                              NO.   30,403

**SECURITY ESCROW OF VALENCIA COUNTY, RICK ROMERO, and KAREN ROMERO,**

Defendants-Appellees,

v.

**NEW MEXICO LAND & WATER CONSERVANCY, LLC,**

Defendant-in-Intervention-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**George P. Eichwald, District Judge**

James Lawrence Sanchez, Trial Lawyer, P.C.
James Lawrence Sanchez
Belen, NM

for Appellee

Kelley Law Offices
Cody K. Kelley
Charlotte L. Itoh

Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant-in-Intervention, New Mexico Land & Water Conservancy, LLC (NML&W), appeals the district court's order granting summary judgment on the basis that NML&W lacked standing. We affirm and conclude that NML&W lacked standing because it was not a party to the contract solely at issue in the lawsuit to which it intervened.

**I.      BACKGROUND**

In 1995, Rick and Karen Romero (the Romeros) entered into a real estate contract with the Raymonds for a piece of property in Soccoro County. After acquiring the property, the Romeros purportedly sold the water rights associated with the property to NML&W in 1999.

Ultimately, the owners' rights, under the real estate contract initially possessed by the Raymonds, were assigned to Upsilon One, LLC. In 2005 and 2006, the Romeros purportedly defaulted on their payments under the real estate contract. In 2006, Upsilon One filed a declaratory and injunctive action in district court, asserting its forfeiture rights against the Romeros. NML&W intervened as a defendant in the action and opposed the forfeiture.

2

Shortly before trial, the Romeros settled with Upsilon One and agreed to no longer contest the forfeiture of the property. The Romeros and Upsilon One filed a joint motion for summary judgment, seeking to dismiss NML&W's claims. At the hearing, the Romeros and Upsilon One argued that NML&W lacked standing. The district court subsequently granted the motion for summary judgment on that basis.

**II.    DISCUSSION**

**A.    NML&W Lacks Standing**

NML&W appeals the district court's decision to grant summary judgment on the ground that NML&W lacked standing. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

To acquire standing, the party must have injury in fact, causation, and redressability. *ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶ 1, 144 N.M. 471, 188 P.3d 1222. In other words, standing requires that "(1) [the party is] directly injured as a result of the action they seek to challenge; (2) there is a causal relationship between the injury and the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision." *Id*. The New Mexico Supreme Court has stated that "[i]t is the general rule of law that one who is not a party to a contract

3

cannot maintain a suit upon it." *Staley v. New*, 56 N.M. 756, 758, 250 P.2d 893, 894 (1952). The rationale behind this rule is that the party is indirectly injured by the contract to which it has no privity and, therefore, does not meet the requirement for injury in fact. *See Marchman v. NCNB Tex. Nat'l Bank*, 120 N.M. 74, 81, 898 P.2d 709, 716 (1995) ("An indirectly injured party should look to the recovery of the directly injured party, not the wrongdoer for relief." (internal quotation marks and citation omitted)).

In *Strata Production Co. v. Mercury Exploration Co.*, 121 N.M. 622, 625, 916 P.2d 822, 825 (1996), the Supreme Court applied this standing rule to a breach of contract action involving oil and gas drilling. Strata Production, an oil and gas driller, brought a breach of contract action against Mercury Exploration, an oil and gas lease owner, with regard to a drilling venture agreement. *Id*. After signing the venture agreement with Mercury Exploration, Strata Production executed separate contracts with investors, dividing up its interest in the drilling venture. *Id*. at 631, 916 P.2d at 831. The district court awarded Strata Production damages because Mercury Exploration did not perform under the contract. *Id*. On appeal, Mercury Exploration argued that the damages should be divided proportionately between the investors and Strata Production. *Id*. The Supreme Court concluded that "the investors are not in contractual privity with Mercury [Exploration] and therefore are not entitled to any

4

recovery from Mercury [Exploration.]" *Id*. In support of its decision, the Supreme Court cited an out-of-state case for the proposition that "subsequent owners of mineral rights were not in contractual privity with [the] defendant and therefore had no standing to seek recovery for breach of contract between [the] defendant and [the] original lessor." *Id*. at 632, 916 P.2d at 832.

We apply this same standing rule to the case at bar in concluding that NML&W lacks standing. The action brought by Upsilon One was based entirely on the real estate contract between it and the Romeros. NML&W was not a party to that contract, nor does NML&W contend to be a party to it. The injury to NML&W is an indirect result of the contract between Upsilon One and the Romeros. Therefore, NML&W cannot meet the standing requirement of having an injury in fact.

In support of its argument that summary judgment was improper on the basis of standing, NML&W fails to address the pertinent issue—that it was not in privity with Upsilon One and the Romeros with regard to the real estate contract. Instead, NML&W appears to argue that Rule 1-017 NMRA, which requires actions to be prosecuted in the name of a real party of interest, and Rule 1-024(A) NMRA, which states the requirements for intervening in an action, support the argument that it has standing. We disagree. That a party may in fact meet the requirements to intervene or be a real party of interest does not mean that the party automatically has standing.

5

*See Crumpacker v. DeNaples*, 1998-NMCA-169, ¶ 41, 126 N.M. 288, 968 P.2d 799 (explaining the differences between standing and real party of interest); *Wilson v. Mass. Mut. Life Ins. Co.*, 2004-NMCA-051, ¶¶ 13-15, 135 N.M. 506, 90 P.3d 525 (explaining that the requirements for standing and intervention are different issues that must be addressed individually), *overruled on other grounds by Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 14, 148 N.M. 692, 242 P.3d 259. To the extent that NML&W argues that law applicable to intervention or real parties of interest supports its standing argument, we reason that this law is inapplicable.

NML&W furthermore quotes out-of-state case law for the proposition that "the question of standing is one of whether a party has a sufficient interest to *initiate* an action that is otherwise justiciable in all respects." *United States v. City of New York*, 179 F.R.D. 373, 377 (E.D.N.Y. 1998). The point made by the district court, and what we reiterate here, is that NML&W did not have sufficient interest in the contract at issue to initiate an action. In fact, it had no interest in the real estate contract.

Lastly, NML&W argues that "[t]he only way for NML&W to protect its interest in the water rights was to intervene in the forfeiture proceeding between Upsilon One and the Romeros." NML&W states that the district court did not allow it to protect its interest in the water rights at issue. In response, we reiterate that "[a]n indirectly injured party should look to the recovery of the directly injured party, not the

wrongdoer for relief." *Marchman*, 120 N.M. at 81, 898 P.2d at 716 (internal quotation marks and citation omitted). NML&W took the water rights subject to the preexisting real estate contract. *See W. Bank v. Matherly*, 106 N.M. 31, 33, 738 P.2d 903, 905 (1987) ("[W]hen the interest in property of a conditional vendee is forfeited upon default, the forfeiture is enforceable against all claiming through the vendee. Persons claiming through the vendee take their interest in property subject to all claims of title enforceable against the vendee."). Nowhere is it alleged that Upsilon One or its predecessors-in-interest agreed to subordinate its interest in the real estate contract to the benefit of NML&W. The only potential remedy that NML&W could claim with relation to the real estate contract would be Upsilon One's failure to give notice and an opportunity to cure the default. *See Yu v. Paperchase P'ship*, 114 N.M. 635, 636, 845 P.2d 158, 159 (1992) (holding that, where a sub-vendee had significant equity in the property, the vendor lacked power to forfeit a sub-vendee's rights to property absent notice of default and an opportunity to cure). NML&W never made this argument below and cannot remedy its injury through the present lawsuit. If NML&W had a valid contract with the Romeros for water rights related to the property, it can remedy its loss through action under that contract. We therefore hold that NML&W did not have standing to participate in a lawsuit on this real estate contract.

**B.    The District Court Properly Granted Summary Judgment**

In addition, NML&W argues that the district court erred by granting summary judgment based on an argument raised for the first time at a hearing on the joint motion for summary judgment. NML&W contends that because the issue was not briefed in the written motion for summary judgment, it was not afforded the opportunity to respond to the merits of the issue of its standing. NML&W also argues that summary judgment was improper because genuine issues of material facts exist with regard to substantive issues related to Upsilon One's contract with the Romeros. We address each argument in turn.

To the extent that NML&W argues that standing was improperly raised for the first time at the summary judgment hearing, "the lack of [standing] is a potential jurisdictional defect, which may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 20, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citation omitted); *see Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶ 7, 144 N.M. 636, 190 P.3d 1131 ("The City raises the issue of standing for the first time on appeal, which it is permitted to do."); *Williams v. Stewart*, 2005-NMCA-061, ¶ 23, 137 N.M. 420, 112 P.3d 281 ("Because standing is jurisdictional, [the defendant's] apparent failure to raise this issue below does not

prevent consideration of it on appeal."); *Alvarez v. State Taxation & Revenue Dep't*, 1999-NMCA-006, ¶ 6, 126 N.M. 490, 971 P.2d 1280 ("A jurisdictional defect may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court." (alteration, quotation marks, and citation omitted)); *Town of Mesilla v. City of Las Cruces*, 120 N.M. 69, 70, 898 P.2d 121, 122 (Ct. App. 1995) ("[S]tanding is a jurisdictional question that may be raised at any time during the pendency of a proceeding." (internal quotation marks and citation omitted)); *Webb v. Fox*, 105 N.M. 723, 725, 737 P.2d 82, 84 (Ct. App. 1987) (stating that "standing is a jurisdictional question" and that "jurisdictional issues may be raised at any time during the pendency of a proceeding"); *State v. Ramirez*, 89 N.M. 635, 642, 556 P.2d 43, 50 (Ct. App. 1976) ("A jurisdictional defect, however, can never be waived because it goes to the very power of the court to entertain the action. A jurisdictional defect can be raised at any stage of the proceedings, even sua sponte by the appellate court."), *overruled on other grounds*, *Sells v. State*, 98 N.M. 786, 788, 653 P.2d 162, 164 (1982). Because standing can be raised at any time during the proceedings, we conclude that it was not error for the district court to consider the jurisdictional issue at the hearing and subsequently grant summary judgment.

To the extent that NML&W argues that it did not have the opportunity to respond to the standing issue, the record indicates that NML&W had the opportunity

9

to argue standing during the hearing. Moreover, even if we assume that NML&W did not have the opportunity to respond to the merits of the issue at trial, NML&W has been afforded the opportunity to fully brief standing on appeal for de novo review, and we may address this issue for the first time on appeal.

Lastly, NML&W argues that the district court erred in granting summary judgment because genuine issues of material fact exist with regard to substantive issues regarding Upsilon One's contract with the Romeros. Because we have already concluded that NML&W does not have standing to contest these issues, we do not address them.

## III.  CONCLUSION

For the reasons stated above, we affirm the district court.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**